# IN THE U. S. DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## CENTRAL DIVISION

JASMINE ALLEN, Leader of GIRL )
SCOUTS TROOP, (Individually Capacity), )
                              )
                              )
      PETITIONER/PLAINTIFF, )
                              )
v.                              ) CASE NO.
                              )
MARY JANE BROUSSARD, CHIEF )
ADMINISTRATIVE OFFICER for )
AT HOME STORE, INC, corporate offices )
(Individually and Corporate Capacity) )
**Address to be served:** )
1600 E. Plano PKWY )
Plano, TX 75074, )
                              )
And )
                              )
JUDD NYSTROM, officer, GARDEN )
RIDGE MANAGEMENT, LLC, registered )
agent for AT HOME STORE, LLC )
(Individually and Corporate Capacity) )
**Address to be served:** )
221 Bolivar Street )
Jefferson City, MO 65101, )
                              )
                              )
    RESPONDENTS/DEFENDANTS. )

## PETITION COMPLAINT
## REQUEST TRIAL BY JURY OF PEERS

COMES NOW, Plaintiff, Jasmine Allen, member of protected class, *pro se* (individually as leader, Girl Scouts Troop) pursuant to Federal Rules of Civil procedures hereby file civil and constitutional rights petition complaint, under race-based discrimination and equal protection of contract and deprived plaintiffs of their constitutional and civil rights contracts for public accommodation to sell cookies, on February 17, 2019 at 11:30 a.m. in reasonable and warm

1

environment, under equal protection of contracts under law, At Home Store, Kickapoo Corners Shopping Center, 3700 S Campbell Ave, in Springfield, Missouri, as result of malicious and intentional contract breach, results of overt race-based discrimination by defendant, At Home Store, employees, agents in Springfield, Missouri, (referred to hereinafter as At Home Defendants). Plaintiffs civil and constitutional rights in petition complaint, asserted under equal protection of contract and deprived plaintiff of constitutional and civil rights to contracts for public accommodation to sell cookies, retaliation, and claim under 8th Amendment U.S. Constitution cruel and inhumane treatment claim, contract to sell cookies, equal protection under law, as result of malicious and intentional race-based discrimination and contract breach by defendant, At Home Store agents and employees, and further the remedy for the overt race-based discrimination by Traci Combs, Consumer Relations Specialist for At Home Store, corporate office, as such the following averments are true, accurate and correct to my best information, knowledge, beliefs, avers, attest and alleged to court as follows: Judd Nystrom, officer

## FACTS
## COMMON TO ALL COUNTS

1.      The plaintiff, Jasmine Allen, member of protected class (African American and Hispanic Origin) (individually), on February 17, 2019, at 11:30 a.m. as leader of Girl Scout Troop,  citizens and residents of Greene County, Missouri and was so on February 17, 2019, in Springfield, Missouri, when plaintiff entered contract to sell cookies for (2) two hours public accommodation. During the egregious contracts breach for public accommodation to sell girl scouts cookies At Home Store, Kickapoo Corners Shopping Center because of race, national origin, civil and constitutional and equal rights to public accommodations, violations and misconduct sustains plaintiff causes of action for violations of plaintiff constitutional and civil

2

rights to equal protection, "public accommodation contract to sell cookies, deprivation of rights to sell cookies, At Home Store, Kickapoo Corners Shopping Center, 3700 S Campbell Ave, in Springfield, Missouri. Coupled with disparaging treatment granting (Caucasians white girl scout's troops leaders to sell cookies inside the store door of At Home Store on February 17, 2019).

2.      The plaintiff, Jasmine Allen, on February 17, 2019, at 11:30 a.m., is member of protected class was discriminated against because of her race and national origin (African American and Hispanic Origin) leader for girl scout's troops had to sell cookies outside At Home Store, Kickapoo Corners Shopping Center, 3700 S Campbell Ave, in Springfield, Missouri. As leader of Girl Scout Troop, via email submitted complaint alleging race discrimination in public accommodation contract. In subfreezing temperature of (18) eighteen degrees below freezing temperature with wind gusting of 15 to 20 MPH, miles per hour, cruel and inhumane treatment in subfreezing temperature. At Home Store agents and employees granting (Caucasians white girl scout's troops) to sell cookies inside the store door of At Home Store). Outside the door of At Home Store, was the (African American and Hispanic Origin black-Latino girl scout's troops leader) Kickapoo Corners Shopping Center, 3700 S Campbell Ave, in Springfield, Missouri) described herein plaintiff was resident of Missouri and all times relevant hereto resided at 945 W. Brower, Springfield, Greene County, State of Missouri.

3.      That defendant, At Home Store, LLC, employees, and agents on February 17, 2019, at 11:30 a.m., plaintiff, Jasmine Allen as leader of Girl Scout Troop, perfected and effectuated contract to sell cookies via contract with regional and State level. Contract formation, of At Home Store, Judd Nystrom, officer signatured the Articles of Incorporation for registered agent, Garden Ridge Management, LLC, registered agent for At Home Store, LLC, located in the

3

Kickapoo Corners Shopping Center, 3700 S Campbell Ave, Springfield, MO 65807, Greene County, Missouri. Knowingly plan contract with regional and State level of defendant At Home Store, under equal protection of law. Thus, "breach public contracts for safe and warm environment to sell cookies, like the white girl scouts' troops" on February 17, 2019, at 12:00 p.m. up to 2:00 pm, by defendant, At Home Store, local employees and agents, supervisors. Purports At Home Store, employees and agents aided, abetted, and accomplices in "breach public contracts for safe and warm environment to sell cookies, unlike the white girl scouts troops leader" At Home Store. The officer Judd Nystrom, and Garden Ridge Management, LLC, registered agent for At Home Store, LLC, Corporation was in good standing on February 17, 2019, and address to be served 221 Bolivar Street, Jefferson City, MO 65101.

4. That defendant, Mary Jane Broussard, chief administrative officer and general counsel, At Home Store, Inc., corporate offices. As respondent superior on February 17, 2019, pursuant to duty in establishing rules, policies and provisions for local employees and agents' execution of At Home Store, public accommodation contracts. However, as result of the discriminatory and ministerial duties, actions, and misconduct during application of cookies sale contract, and subsequent breach cause investigations of discrimination. The "breach public contracts for leader of girl scouts safe and warm environment to sell cookies" outside At Home Store, Kickapoo Corners Shopping Center, 3700 S Campbell Ave, in Springfield, Missouri.

5. That defendant, Mary Jane Broussard on February 17, 2019, duty as chief administrative officer as such duty construed as chief administrative officer aided the discrimination, not resolving complaint, as executive officer of At Home Store, LLC, Corporation. Authorize officers, employees, agent's *ultra-virus* authority during At Home Store investigations of breach contract discrimination of the unconstitutional misconduct because of

4

race, "breach public contracts for leader of girl scouts safe and warm environment to sell cookies" not outside At Home Store in subfreezing temperature and/or negligently omitted overt race-based discrimination. The At Home store local policies regarding contracts purports complicity, during and furthering the investigations of discrimination, Springfield, Missouri. By defendant, Mary Jane Broussard, chief administrative officer, and general counsel. At Home Store, Inc., corporate polices and offices At Home Store, LLC, Corporation was in good standing, on February 17, 2019, and address to be served 1600 E. Plano PKWY, Plano, TX 75074.

6.    That defendant, At Home Store, local employees, agents on April 5, 2019,  failed to mitigate complaint with photographic evidence purporting plaintiff as leader of black girls' scouts. Images of plaintiff, Allen outside the at Home Store selling cookies and/or negligently omitted the resolution of complaint. With white girl scouts in photographic evidence. Which evidence are unrefuted and support the egregious breach and race-based discrimination against plaintiff, Allen as leader for local girl scout's troop. The defendant, At Home store local policies regarding contracts purports complicity, during investigations of the overt race-based discrimination by local employees in Springfield, Missouri, and subsequent retaliation by At Home Store local employees, adversely affected the leader contract with State Girl Scouts affiliation. At Home Store, LLC, Corporation at Home Store, LLC, Corporation was in good standing, on February 17, 2019, address 1600 E. Plano PKWY, Plano, TX 75074.

7.    That defendant, Mary Jane Broussard on February 17, 2019, chief administrative officer, and general counsel, At Home Store, Inc., corporate offices. As respondent superior had duty to direct and supervise the "breach public accommodation contracts for leader of girl scouts safe and warm environment to sell cookies" supervise, training all employees, agents, officers and

regional managers of chief administrative officer, duty to promulgate rules and formulate regulations for public accommodation contracts investigations of discrimination At Home Store customer care. In implementing non-bias polices, and execution of public accommodation contracts for leader of girl scouts in compliance with city, county and state, federal and state statutory laws governing race discrimination. At Home Store, LLC, Corporation At Home Store, LLC, Corporation was in good standing, on February 17, 2019, address 1600 E. Plano PKWY, Plano, TX 75074.

8.      That defendant, Mary Jane Broussard on April 5, 2019, chief administrative officer, duty promulgate policies that governing public accommodation contracts, investigations, officers, agent's duties, and customs, and during the race-based discrimination At Home Store customer care and investigations of discrimination, Springfield, Missouri. By all defendants above in the race-based discrimination and investigation and/or omissions of its employees, agents, officers, and supervisor (regional and local) overt acts of discrimination for At Home Store in Springfield, Missouri. Coupled with their egregious and willful, intentional, reckless negligence, dereliction of defendant, At Home Store, duty by officers and agents under the doctrines of vicarious liability and respondent superior, including chief executive officers. At Home Store, LLC, Corporation at Home Store, LLC, Corporation was in good standing, on February 17, 2019, address 1600 E. Plano PKWY, Plano, TX 75074.

9.      That defendant, At Home Store, on April 5, 2019, before and after plaintiff filing race-based discrimination complaint with Missouri Human Rights Commission. At Home Store agent, customer care specialist, Traci Combs was assigned to case for At Home Store corporate office, on April 5, 2019. Plaintiff, Jasmine Allen received via email communication from defendant, At Home Store customer care specialist via tcombs@athome.com. During, and

6

regarding the At Home Store investigations of discrimination, the "breach public accommodation contracts for leader of girl scouts safe and warm environment to sell cookies". Customer Care Specialist, Traci Combs, at Home Store, LLC, Corporation at Home Store, LLC, Corporation was in good standing, on February 17, 2019, address 1600 E. Plano PKWY, Plano, TX 75074.

10. That defendant, At Home Store, on April 5, 2019, Customer Care Specialist, Traci Combs, corporate office responded to plaintiff, Allen. Thank you for the additional information, our District Manager has been updated with this information and will reprimand and coach the management team at the store (Blake and Jaime) at Home Store in Springfield, Missouri. They will also be trained on proper procedures and the policy to follow when it comes to solicitation at the store. We again want to sincerely apologize for the unacceptable treatment received and we are going to take steps to ensure that this situation does not repeat itself. If we can assist the Missouri Heartland Girl Scout troops with a gift card donation to assist with fund raising, we would be happy to get something in the mail, we would just need the best address to send it to. We appreciate your time you took to share this information with us, feedback is vital to our success. Traci Combs, Customer Care Specialist, tcombs@athome.com, 972-265-1336. Plaintiff, Allen via email on Friday, April 05, 2019, 10:11 am, to Traci Combs subject: At Home Corporate Office, plaintiff, Allen, yes, we do want a resolution. It was Girl Scout of Missouri Heartland that we set up through as they were approved to by the at Home Store.

11. That defendant, At Home Store, on April 5, 2019, via email transmission customer care specialist, Traci Combs, to plaintiff, Allen. On behalf of At Home Corporation, we would like to extend our sincerest apology to you and your girl scout troop and thank you for bringing this situation to our attention. Please know that we take your experience in our store very seriously and intend to resolve this matter as swiftly and equitably as possible. At Home does

7

not tolerate racial or ethnic discrimination at any level and we again are very sorry if you felt this way. We have shared your experience with the District Manager as well as the Regional Manager for review and training purposes for Blake and Jaime. At Home does not permit solicitation outside or inside our stores without corporate approval, may we please ask whom approved the set up? We are sure you share our desire to resolve this situation as quickly as possible, and we will do whatever it takes to get to the bottom of the matter.

12.     That plaintiff, Jasmine Allen on June 17, 2019, at 11:34 am via email transmission Anna.Siddiqui2@labor.mo.gov to Anna Siddiqui. Intake officer of Missouri Human rights Commission amended the race-based discrimination complaint in public accommodation contract with defendant, At Home Store in Springfield, Missouri. Also forward to At Home corporate Office Good afternoon, this is their response. Traci Combs, Customer Care Specialist, tcombs@athome.com in Springfield, Missouri because of race, national origin, (African American and Hispanic Origin, members of protected class) and plaintiffs causes of action for egregious violations of plaintiffs constitutional and civil rights to public accommodation, equal protection, "breach public contracts deprivation deprived of civil rights to public contracts because of race against all above defendant's and vicariously and culpable with liability of the overt race-based discrimination, duress disorder, infliction of emotional distress and duress as result of the breach public contracts.

13.     That plaintiff/leader Jasmine Allen member of protected class (individually as leader of Girl Scout Troop), is citizen and resident of Greene County, Missouri and was so on February 17, 2019 at 11:30 a.m., during the egregious race-based discrimination, misconduct and contract breach because of race, national origin, civil and constitutional rights, violations and misconduct sustains plaintiffs causes of action for violations of plaintiffs constitutional and civil

8

rights to equal protection, "breach public contracts for cookies sales" and denied equal protection, and deprivation, coupled with misconduct of at Home local and regional officers and employees. Plaintiff, Allen member of protected class, because of race and national origin (African American and Hispanic Origin) described herein were residents of Missouri and all times relevant hereto resided at 945 W. Brower, Springfield, Greene County, State of Missouri.

## JURISDICTION

14. That this action is brought pursuant to the constitutional and civil rights protected by this section under color of State law; 42 U.S.C. § 1981, Equal Protection under the law, "breach public contracts to sell girl scouts cookies", including civil and constitutional rights to contract cookies sales in public accommodation places and contracts, 42 U.S.C. § 1983, Deprivation of civil rights to public accommodation contracts particular, accordingly, district court shall conclude that the phrase includes at Home Stores, as such At Home Store, LLC, "denied the privileges of making and enforcing public accommodation contract." Absent race-based discriminatory treatment; and race discriminatory actions, misconduct, and egregious negligence, or deprived of having and exercising any right or privilege, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation of civil rights. That does invoke federal district court original, exclusive, and supplemental jurisdiction pursuant to 28 U.S.C. §§1331 and 1367. Further jurisdiction conferred upon this court to adjudicate, enforce these constitutional violations under due process clauses of Missouri 10 Tenth Amendment and U.S. Constitution Amendments 5 Five and 14 Fourteen Amendments sections 5.

15. That this action further brought pursuant to RSMo, § the plaintiffs were subjected to discrimination violations of state-law claims under the MHRA, the district court shall observe

that the Missouri statute prohibits discrimination based on race in "any place of public accommodation." Mo.Rev.Stat. § 213.065. After analyzing the statutory definition of "places of public accommodation," *id.* § 213.010(15), and RSMo 516.010, personal injury statutes, in conjunction with federal statutes and the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation and conspiracy to deprived of civil and constitutional rights by all defendants. Plaintiff civil rights violated, the rights protected by this section under color of law, race discriminatory treatment, negligence and personal injury tort doctrine, or other state legal relations are affected by state statute. That does invoke federal district court jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction under 28 U.S.C. § 1367. Further jurisdiction conferred upon this court to adjudicate and enforce these constitutional and civil rights violations under the due process clauses of Missouri Amendment 10 and U.S. Constitution Amendment 5 and 14 sections 5.

## COUNT I

COME NOW Plaintiffs, Jasmine Allen (individually), members of protected class, *Pro Se* status, in Count-I pursuant to 42 USC 1981, equal protection of law and civil rights to make and enforce public accommodation contracts" and 42 U.S.C. § 1983, Deprivation of civil rights civil rights to sell girl scouts cookies, retaliation, 8th Amendment US Constitution, violations of cruel and inhumane treatment and for their causes of action against the above defendants, At Home Store defendants as result breach contract, loss of cookie sales contracts in subjection plaintiff to post-traumatic stress disorder, excessive personal injuries to plaintiffs' person, pain and suffering against all defendant(s) and agents for violations of equal protection of public contracts, alleges, avers, and states to the Court as follows:

16.     Plaintiffs hereby incorporates herein by reference Paragraphs 1–15 of Plaintiff(s) Civil Rights Petition as though fully set forth herein.

17.     That plaintiff/leader, Jasmine A. Allen on February 17, 2019, at 11:30 a.m. alleged as leader of girl scouts were subjected to intentional, egregious and direct overt racial-base discrimination, racial segregation and retaliation during the executing of Girl Scouts troops cookies sale contracts in the At Home Store in Springfield, Missouri contract.

18.     That plaintiff/leader, Jasmine A. Allen on February 17, 2019, at 11:30 a.m. alleged as leader of girl scouts inform the corporate office of the egregious race-based discrimination in public accommodation and the overt race discrimination by your managers Jennifer, Blake, and Jamie.

19.     That plaintiff/leader, Allen on February 17, 2019, at 11:30 a.m. alleged as leader of girl scouts coupled with the malicious and intentional retaliation by calling Regional Girl Scouts Troop office and breaching cookie sale contracts.

20.     That plaintiff/leader, Allen on February 17, 2019, our Girl Scout Troop 71657 experienced the egregious race discrimination and retaliation in public accommodation and gross negligence in addressing race discrimination at you're At Home Store in Springfield, Missouri.

21.     That plaintiff/leader, Allen on February 17, 2019, this will subject them to PTSD post-traumatic stress disorder for remains of their young life. The sequence of the alleged amended egregious race discrimination and public accommodations discrimination and retaliation because of race, national origin, color African American/Hispanic.

22.     That plaintiff/leader, Allen alleged on February 17, 2019, at 11:30 a.m. and leader Lockett asked to speak with a manager to inform them, per contract that we were here to setup a

scheduled cookie booth from 12-2 pm and if we could setup inside the store doors due to the subfreezing and frigid weather (18) eighteen degrees below freezing.

23. That plaintiff/leader, Allen alleged on February 17, 2019, leader Lockett spoke with Jennifer who stated she was a manager but had to consult with another manager to get an answer.

24. That plaintiff/leader, Allen alleged on February 17, 2019, shortly after Jennifer returned from speaking with Jamie, she was informed that they have new polices and regulation this year from corporate and cookie sales must be conducted outside along the sidewalk, pretext masking intentional discrimination.

25. That plaintiff/leader, Allen alleged on February 17, 2019, at 11:30 a.m. leader Lockett mentioned about the freezing temperature outside and the response was that is the new regulation from corporate office that he got a hold of district manager, pretext masking intentional discrimination.

26. That plaintiff/leader, Allen alleged on February 17, 2019, so immediately leader Lockett posted on band "an app were our troop communicates with all Girl Scout parents" that the rules have changed and the girls will be outside for their cookie booth and to bundle up, so hats, gloves, scarf's.

27. That plaintiff/leader, Allen alleged on February 17, 2019, Girl Scout Troop 71657 set up cookie booth outside. The Girl Scout Troop sustained substantial and significant losses in cookie sales and missing required quota.

28. That plaintiff/leader, Allen alleged on February 17, 2019, the girls were sent inside every 10 minutes to warm up and take a bathroom break. The Girl Scout Troop sustained

substantial and significant losses in cookie sale missing required quota due to race, color and national origin in violation of the Missouri Human Rights Act.

29.     That plaintiff/leader, Allen alleged on February 17, 2019, at 1:05 Girl Scout Troop 7157 packed up cookie booth due to cold weather. It was 55 minutes early and the Girl Scout Troop sustained substantial and significant losses in cookie sale missing required quota.

30.     That plaintiff/leader, Allen alleged on February 17, 2019, returned to the store at 3:00, to check and see if the new regulation we were told about were being enforced for everyone.

31.     That plaintiff/leader, Allen alleged on February 17, 2019, alleges egregious race discrimination and public accommodations discrimination and retaliation of cookie sale contract because of African American/Hispanic race by At Home Store, at Kickapoo Corners Shopping Center due to race, color and national origin in violation of the Missouri Human Rights Act.

32.     That plaintiff/leader, Allen alleged on February 17, 2019, witnessed another troop inside of the entrance selling cookies, and leader Allen took photos. This is direct evidence of overt racial discrimination. Leader Allen then notified leader Lockett of her findings.

33.     That plaintiff/leader, Allen alleged on February 17, 2019, alleges egregious race discrimination and public accommodations discrimination and retaliation of cookie sale contract because of African American/Hispanic race by At Home Store, due to race, color and national origin in violation of the Missouri Human Rights Act.

34.     That plaintiff/leader, Allen alleged on February 17, 2019, leader Lockett then proceeded to the store to question the new regulations, pretext masking discrimination.

35.     That plaintiff/leader, Allen alleged on February 17, 2019, Leader Lockett spoke with Jennifer, and she called Jamie on the walkie-talkie, pretext masking discrimination, he

13

informed her via text message at 12:47 he was notified that if it was cold or raining, the Girl Scouts are allowed to sell inside the entrance.

36.     That plaintiff/leader, Allen alleged on February 17, 2019, egregious race-based discrimination and public accommodations discrimination and retaliation of cookie sale contract because of African American/Hispanic race by At Home Store, due to race, color and national origin in violation of the Missouri Human Rights Act.

37.     That plaintiff/leader, Allen alleged on February 17, 2019, leader Lockett questioned why we weren't notified being we still had our booth setup.

38.     That plaintiff/leader, Allen alleged on February 17, 2019, Jamie response was he was busy on lunch, however, did see that we were still in front of the store about to load up.

39.     That plaintiff/leader, Allen alleged on February 17, 2019, seen Ford pickup which leader Lockett's vehicle is pull up to get cookie boxes when he returned to store.

40.     That plaintiff/leader, Allen alleged on February 17, 2019, egregious race discrimination and public accommodations discrimination and retaliation of cookie sale contract, in cold subfreezing temperature [cruel and inhumane treatment] violations of 8th Amendment US Constitution and because of African American/Hispanic race by At Home Store, due to race, color and national origin in violation of the Missouri Human Rights Act.

41.     That plaintiff/leader, Allen alleged on February 17, 2019, Jamie could have notified troop 71657 of the new information we received via text message so we could move our booth inside.

42.     That plaintiff/leader, Allen alleged on February 17, 2019, we lost minutes of cookie sale time and the girls had to endure the cold temperatures, cruel and inhumane treatment,

violations of 8th Amendment to US Constitution, and this was some of the girl's first experience with cookie sales as a Girl Scout.

43. That plaintiff/leader, Allen alleged on February 17, 2019, egregious race discrimination and public accommodations discrimination and retaliation of cookie sale contract because of African American/Hispanic race by At Home Store, due to race, color, and national origin in violation of the Missouri Human Rights Act.

44. That plaintiff/leader, Allen alleged on February 25, 2019, at around 12:00 pm the At Home Store manager (Blake) informed leader Allen that it is just a courtesy for the Girl Scouts to sell cookies in our store and he supports his other managers that they were just following protocol, pretext masking discrimination.

45. That plaintiff/leader, Allen alleged on February 25, 2019, egregious race discrimination and public accommodations discrimination and retaliation of cookie sale contract because of African American/Hispanic race by At Home Store due to race, color, and national origin in violation of the Missouri Human Rights Act.

46. That plaintiff/leader, Allen alleged on February 25, 2019, at around 12:00 pm the store manager informed leader, Allen that he is calling now to Girl Scouts and putting an end to us selling Girl Scouts cookies there, direct retaliation in violation of Federal civil rights laws.

47. That plaintiff/leader, Allen alleged on February 25, 2019, pointed out that our troop is a minority troop and the other troop that was inside was not and he said that was not unequal it was just protocol, pretext masking discrimination.

48. That plaintiff/leader, Allen alleged on February 25, 2019, egregious race discrimination and public accommodations discrimination and retaliation of cookie sale contract

because of African American/Hispanic race by At Home Store due to race, color and national origin in violation of the Missouri Human Rights Act.

49.     That plaintiff/leader, Allen alleged on February 25, 2019, egregious race discrimination and public accommodations discrimination and retaliation of cookie sale contract because of African American/Hispanic race by At Home Store, due to race, color and national origin in violation of the Missouri Human Rights Act.

50.     That plaintiff/leader, Allen alleged on February 25, 2019, At Home Store extreme subjection to racial discrimination by and against by At Home Store, coupled with denial of equal protection, cruel and inhumane treatment as well as public humiliation and embarrassment, extreme mental anguish on February 17, 2019.

51.     That plaintiff/leader, Allen alleged on February 25, 2019, egregious race discrimination and public accommodations discrimination and retaliation of cookie sale contract because of African American/Hispanic race by At Home Store.

52.     That plaintiff/leader, Allen alleged on February 25, 2019, in violation of the Missouri Human Rights Act. Amended complainant alleged (Caucasian) Troop were permitted to execute cookie sale contract inside the At Home Store.

53.     That plaintiff/leader, Allen alleged on February 25, 2019, (Caucasian) Troop were permitted cookies sale at entrance, in safe and warm from frigid freezing winter weather conditions. We African American Troop were denied by At Home Store agents representatives execute cookie sale contract inside but outside.

54.     That plaintiff/leader, Allen alleged on February 25, 2019, (Caucasian) Troop were permitted inside at Home Store and Shopping Center places of public accommodations to sell cookies.

55.      That plaintiff/leader, Allen alleged on February 25, 2019, coupled with monetary damages denial of equal protection, cruel and inhumane treatment, as well as public humiliation and embarrassment and extreme mental anguish.

56.      That plaintiff/leader, Allen alleged on April 19, 2019, via email transmission only to sufficiently informed Traci Combs, Customer Care Specialist, of the overt race-based discrimination At Home Corporation Corporate Office tcombs@athome.com and at the At Home Store Corporation in the Kickapoo Corners Shopping Center, 3700 S Campbell Ave, Springfield, MO 65807.

57.      That plaintiff/leader, Allen alleged on April 19, 2019, to present date subjection to extreme violations of plaintiffs constitutional and civil rights to contract, similar situated white citizens privy of equal protection contract under the law and race discrimination and public accommodations discrimination and retaliation of cookie sale contract because of race (black) and national origin (African American and Hispanic) are members of protected class were victims of egregious race-based discrimination.

58.      That plaintiff/leader, Allen alleged on April 19, 2019, to present date further discriminated and subjection to disparaging treatment against plaintiffs, and breach cookie sale contract because other similar situated white citizens not subjected to egregious breach cookie sale contract investigation not been depriving of due diligence, at the At Home Store Corporation in the Kickapoo Corners Shopping Center, 3700 S Campbell Ave, Springfield, MO 65807.

59.      That plaintiff/leader, Allen alleged on April 19, 2019, to present date was victims of egregious racial and intentional discrimination against the plaintiff, subjected to egregious breach of cookie sale contract, post investigations of discrimination, plaintiff is member of protected class, and other similar situated white leaders of girl scouts troop not subjected to

17

further discrimination because of race (black) and national origin (African American and Hispanic), as such violations of constitutional and civil rights and equal protection under law because of race and national origin.

60.     That plaintiff, Allen alleged all defendant(s) and agents on April 19, 2019, to present date, further discriminated and subjection to disparaging treatment by all defendants during cookie sale contract because of race and national origin, other similar situated white leaders of girl scouts similar situated not deprive of due diligence in permission to established cookie sales contract.

61.     That plaintiff, Allen alleged all defendant(s) and agents on April 19, 2019, by reason of the foregoing, plaintiffs/leader, Jasmine Allen, has been substantially injured and sustained PTDS, post traumatic distress disorder for the remains of life and personal injuries and damaged in an amount more than $75,000.00, seventy-five thousand dollars.

62.     That pursuant to federal civil rights statues 42 USC 1981, equal protection under law, 1983 deprivation and state law breach public accommodation contracts to deprive of civil and constitutional rights of leader Allen, may be considered by the trier of facts in determining how much damages should be awarded to Plaintiff, including, but not limited to, defendant, willful and intentional race-based discrimination in cookie sales contract of plaintiff/leader, Jasmine Allen.

63.     That plaintiffs alleged defendants, At Home Store, on February 17, 2019, and its agents, and supervisors deprived plaintiffs of civil and constitutional rights of contracts, failing to properly and adequately train, control, and supervise its employees and agents of the civil laws and statutes, regulations; and provisions; that defendant At Home Store failed to follow existing

18

policy, procedure, state and federal statutory law, or custom of the at Home Stores and the state laws in regards to defendant, At Home Store, compliance with laws and state and federal statutes that govern at Home Stores as public accommodations, practices, contracts, and application of contracts in compliance under color of state laws and statues within Missouri laws.

64.     That plaintiff alleged defendant, At Home Store, on February 17, 2019, action and misconduct alleged herein were ministerial and *ultra vires* authority in nature, absent of delegated authority; that At Home Store, subject to liability as a result of its official, defendant, At Home Store, *ultra vires* authority and ministerial actions and misconduct; that defendant At Home Store, failed to follow existing policies and/or customs in regard to Missouri, statutory and civil rights laws governing At Home Store.

65.     That plaintiff/leader Allen alleged all defendants (corporate and individual capacities) and agents of At Home Store, on February 17, 2019, failed to follow and comply with existing policy, ordinances, law, and/or customs, and exercise professional judgment in civil laws and statues by defendants, At Home Store, action and misconduct on or about February 17, 2019, regarding Plaintiff/leader, Allen, cookie sales contract in a timely, sufficient, adequate, and reasonable manner.

66.     That all defendants At Home Store, employees, and agents on February 17, 2019, failed to follow and comply with existing policy, ordinances, law, and/or customs, of Missouri and to exercise professional judgment in not recognizing the plaintiff/leader, Allen subcontracting of cookie sales contract.

67.     That all Defendants on February 17, 2019 had an affirmative duty to afford plaintiff/leader, Allen the breaches of public cookie sales contracts duties for citizens, and at Home Store extreme dereliction of duty and failure to properly investigated the egregious breach

of public cookie sales contract and race-based discrimination in timely manner to provide needed assistance in cookie sales contract for plaintiff, Allen, however, all defendants egregious negligence, recklessness, conscious indifference and/or omissions that shocks the conscience reasonable person and willful actions and conduct deprived and conspired to deprive plaintiffs of constitutional and civil rights to cookie sales contracts.

68.     That all defendants on February 17, 2019 failed to follow and comply with existing policy, laws, statues, provisions, sections of city municipal codes the promulgation and formulation of defendant At Home Store, and defendant regulations, provisions, and state and federal laws governing At Home Stores, customs, policies, statutes, rules, laws, ordinances, and failed to exercise professional judgment, in a timely, proficient, efficient, sufficient, adequate, professional, and reasonable manner with pre-textual reasons that purports malice intent in violations of plaintiffs constitutional and civil rights to contract cookie sales.

69.     As a direct and proximate cause and result of all defendant's exhibited egregious negligence at  11:22 pm on February 17, 2019, all plaintiffs sustained extreme and substantial damages continuing to present date. That Plaintiffs alleged injuries and damages and requested relief (past and future) loss emotional distress, compensatory damages, pecuniary loss pain and suffering prospective relief mental anguish and loss of enjoyment of life and monetary damages and warrant punitive damages. That Plaintiff alleged all defendants' egregious negligence in with defendants, and agents and plaintiffs' damages more than $1,000,000.00 (one million dollars) for compensatory and punitive damages, a jury question.

70.     As a direct and proximate cause and result of all defendants on March 1-2, 2019, gross negligence, breaches of duties, malicious assaults, recklessness, conscious indifference, and/or willful action and misconduct and/or omissions, plaintiff's person sustained the following

damages: tortuous breaches of duty(s) substantially damaged Plaintiff body and persons with negligent and intentional inflictions of emotional distress and duress. Further, subjected Plaintiffs to secondary and aggravation of pre-existing injuries with continuing mental anxiety, stress, disability, personal injury torts, because of the defendant's gross negligence. Plaintiffs were further significantly and substantially damaged, harmed, that Plaintiffs further subjected to damages of loss income, subjection to mental anxiety, PTSD and exacerbation of PTSD distress, duress, pecuniary losses, pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

71.     That the above-described actions and misconduct by all defendants on February 17, 2019 demonstrated, purported and showed an unconstitutional, intentional, malicious, deliberate, conscious indifference, and a reckless disregard to Plaintiffs rights to contract, subjected to mental anxiety, defect, inflictions of emotional distress, and personal injury torts as a result of breaches of cookie sales contract; that shocks the conscience and significantly violated plaintiffs rights to contract, liberty, and the pursuit to happiness of living in Missouri and these United States, all in violation of the due process clause of the U.S. Constitutional Amendment 14; and violation of the Due Process Clause of the Missouri Constitution Amendment 10; thus entitling plaintiff to punitive damages for the gross wrong acts and misconduct of defendants.

72.     That by reason of the foregoing on February 17, 2019, plaintiffs, Allen has been significantly and substantially and continually too be injured and damaged for the remaining of contract breach of cookie sales contract in an amount more than $75,000.00.

73.     That above-described actions and misconduct by all defendants, At Home Store, demonstrated and showed unconstitutional, intentional, malicious, deliberate, conscious indifference, and a reckless disregard to Plaintiffs contract subjected to mental anxiety,

inflictions of emotional distress, and personal injury torts as a result of breach contract; that shocks the conscience and significantly violated Plaintiffs rights to contract, liberty, and the pursuit to happiness of living in Missouri and these United States, all in violation of the due process clause of the U.S. Constitutional Amendment 14; This discriminatory conduct and omissions shock the conscience of a reasonable person, whereas in extreme violation of plaintiff and rights to contract under, 42 U.S.C. § 1981, and 1983 Constitutional Rights and under the Due Process Clause of the 5th and 14th Amendment to the U.S. Constitution, and the 10th Amendment to the Missouri Constitution.

WHEREFORE, plaintiff/leader, Allen plea and pray:

a.        That this court declare that defendant's, At Home Store defendants,  and conduct were reckless breach, unfair, malicious cookie sale contract were unconstitutional, intentional, deliberate, malicious, indifferent, and demonstrated a reckless disregard to , plaintiff/leader, Allen, plaintiff personal injury rights, privileges; coupled with violations of Missouri public accommodation cookie sale contract laws and constitutional rights, as a result of the defendant reckless and negligent breach of cookie sale contract.

b.        That this court declare that defendant's, At Home Store defendants, and for judgment against defendant, At Home Store, and other defendants in cookie sale contract for compensatory damages in such sum as is fair and reasonable, for interest at the legal rate as allowed by law, for their costs of action incurred herein, damages for aggravating circumstances and damages to punish this defendant and deter others similarly situated defendants from like conduct in the future, and for such other and further relief as is just and proper.

c.        That this court declare that plaintiff/leader, and the troop was subjected to substantial personal injuries, aggravation and exacerbation of pre-existing injuries and diseases;

22

and further infliction of emotional distress, extreme anxiety, exacerbation of PTSD, and manic depression as result of defendant breaches of cookie sales contract; and omissions shocks the conscience of a reasonable person, whereas in extreme violation of plaintiff constitutional rights under the due process clause of the 14th Amendment to the U.S. Constitution and 10th Missouri Constitution;

    d.      That this court declare the defendant At Home Store unconstitutionally subjection of personal injuries to plaintiffs Troop and defendant, At Home Store violated the due process clause of the and 10th Missouri Constitution, Fifth and 14th Amendment to the U.S. Constitution and 10th Missouri Constitution.

    e.      That this court declares and order actual and compensatory damages against the defendant, At Home Store acts and omissions, negligence, and reckless disregard for statutory duty as At Home Store. Plaintiffs have sustained substantial economic damages including but not limited to the cost to prosecute these equitable and legal claims.

    f.      That this court declare and grant actual and compensatory damages in the amount for negligence breach against defendant, At Home Store including past and future injuries: including medical, pain and suffering, mental anguish, and loss of enjoyment of life.

**REQUEST TRIAL BY JURY**

Now, Plaintiffs hereby respectfully request this honorable court for a trial by jury on all counts of this petition; that jury is empowered to award punitive damages in the amount that is certain to punish and deter these defendants from any further breaches of civil and constitutional rights, negligence misrepresentation, equal protection, deprivation, race-base and national origin discrimination and disparaging treatment investigation of discrimination.

Respectfully Submitted,

_(signature)_

Jasmine A. Allen
945 W. Brower
Springfield, MO 65803
(417-763-9370)

## **VERIFICATION**

**COUNTY OF GREENE** )
                  ) ss.
**STATE OF MISSOURI** )

NOW, Jasmine Allen petitioners/affiants, referred to hereinafter as affiant, after being duly sworn upon her oath that she is of legal age and sound mind and hereby submits affidavit; that affiants declares under the penalty of perjury that the aforementioned statements, facts, averments and expressions which are set forth in this Civil Rights Petition-Complaint, alleging discrimination, constitutional and civil rights violations in complaint are true and accurate to the best of her knowledge, information, and belief.

Affiant Further Sayeth Naught.

_(signature)_

Jasmine A. Allen

Subscribed and sworn to before me on this __26th__ day of __July__, 2022.

_(notary seal)_
JOELLEN SUE DOWLER
Notary Public – Notary Seal
STATE OF MISSOURI
Greene County
My Commission Expires Dec. 1, 2025
Commission #06429064

_(signature)_ JoEllen Sue Dowler
Notary Public

My commission expires: __12 - 1 - 25__

24