# IN THE U. S. DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

JASMINE ALLEN, Leader of GIRL
SCOUTS TROOP, (Individually Capacity),

      PETITIONER/PLAINTIFF,

v.

      ) CASE NO. 6:22-cv-03191-DPR

MARY JANE BROUSSARD, CHIEF
ADMINISTRATIVE OFFICER,
(Individually and Corporate Capacity)

And

AT HOME STORE, INC,
**Address to be served:**
1600 E. Plano PKWY
Plano, TX 75074,

And

JUDD NYSTROM, C/O, GARDEN
RIDGE MANAGEMENT, LLC, registered
agent d/b/a AT HOME STORE, LLC
(Individually and Corporate Capacity)
**Address to be served:**
221 Bolivar Street
Jefferson City, MO 65101,

      RESPONDENTS/DEFENDANTS.

## FIRST AMENDED PETITION
## PLAINTIFF REQUEST TRIAL BY JURY

COMES NOW, Plaintiff, Jasmine Allen, member of protected class, *pro se* (individually

as leader, Girl Scouts Troop) pursuant to Federal Rules of Civil procedures hereby file civil and

constitutional rights petition complaint, under race-based discrimination and equal protection of

contract and deprived plaintiffs of their constitutional and civil rights contracts for public

1

accommodation to sell cookies, on February 17, 2019 at 11:30 a.m. in reasonable and warm environment, under equal protection of contracts under law, At Home Store, Kickapoo Corners Shopping Center, 3700 S Campbell Ave, in Springfield, Missouri, as result of malicious, retaliatory and intentional contract breach, results of overt race-based discrimination by defendant, At Home Store, employees, agents At Home Store, local agents [Jennifer, Blake, and Jamie] in Springfield, Missouri, (referred to hereinafter as At Home Defendants).

The Plaintiff civil and constitutional rights in petition complaint, asserted under equal protection of contract and deprived plaintiff of constitutional and civil rights to contracts for public accommodation to sell cookies, retaliation for free speaking-speech and reporting disparaging treatment, and claims under 1st, 8th and 14th Amendment U.S. Constitution cruel and inhumane treatment claim, contract to sell cookies, equal protection under law, as result of malicious and intentional race-based discrimination and contract breach by defendant, At Home Store agents and employees [Jennifer, Blake, and Jamie] in Springfield, Missouri, and further the remedy for the overt race-based discrimination and mitigation by Traci Combs, consumer relations specialist for At Home Store, corporate office, as such the following averments are true, accurate and correct to my best information, knowledge, beliefs, avers, attest and alleged to court as follows:

### FACTS
### COMMON TO THREE COUNTS

1.      The plaintiff, Jasmine Allen, member of protected class (African American and Hispanic Origin) (individually), on February 17, 2019, at 11:30 a.m. as leader of Girl Scout Troop, citizens and residents of Greene County, Missouri and was so on February 17, 2019, in Springfield, Missouri. When plaintiff and Girl Scout of Missouri Heartland entered contract and subcontract to sell cookies for (2) two hours public accommodation. During the egregious contracts breach for public accommodation to sell girl scouts cookies At Home Store, agents [Jennifer, Blake, and

2

Jamie]. At Kickapoo Corners Shopping Center because of race, national origin, civil and constitutional and equal rights to public accommodations, free speech, violations and misconduct, Sustains plaintiff causes of action for violations of plaintiff constitutional and civil rights to equal protection, "public accommodation contract and free speech" to sell cookies, deprivation of future rights to sell cookies, At Home Store, Kickapoo Corners Shopping Center, 3700 S Campbell Ave, in Springfield, Missouri. Coupled with disparaging treatment At Home Store, agents [Jennifer, Blake, and Jamie] granting (Caucasians white girl scout's troops leaders to sell cookies inside the store door of At Home Store on February 17, 2019). Plaintiff, Allen member of protected class, alleged because of race and national origin (African American and Hispanic Origin) described herein were residents of Missouri and all times relevant hereto resided at 945 W. Brower, Springfield, Greene County, State of Missouri.

2.      The plaintiff, Jasmine Allen, on February 17, 2019, at 11:30 a.m., is member of protected class was discriminated against because of her race and national origin (African American and Hispanic Origin). A leader for girl scout's troops and Girl Scout of Missouri Heartland had to sell cookies outside At Home Store, local agents [Jennifer, Blake, and Jamie] at Kickapoo Corners Shopping Center, 3700 S Campbell Ave, in Springfield, Missouri. As leader of Girl Scout Troop, via email submitted complaint alleging race-based discrimination in public accommodation contract. In subfreezing temperature of (18) eighteen degrees below freezing temperature with wind gusting of 15 to 20 MPH, miles per hour. Plaintiff, Allen member of protected class, alleged because of race and national origin (African American and Hispanic Origin) described herein were residents of Missouri and all times relevant hereto resided at 945 W. Brower, Springfield, Greene County, State of Missouri.

3

3.      Subjecting plaintiff to cruel and inhumane treatment in subfreezing temperature. At Home Store agents and employees' local agents [Jennifer, Blake, and Jamie] granting (Caucasians white girl scout's troops) to sell cookies inside the store door of At Home Store). Conversely, outside the door of At Home Store, was the (African American and Hispanic Origin black-Latino girl scout's troops leader) Kickapoo Corners Shopping Center, 3700 S Campbell Ave, in Springfield, Missouri. Plaintiff, Allen member of protected class, alleged because of race and national origin (African American and Hispanic Origin) described herein were residents of Missouri and all times relevant hereto resided at 945 W. Brower, Springfield, Greene County, State of Missouri.

4.      That defendant, At Home Store, LLC, employees, and agents on February 17, 2019, at 11:30 a.m., plaintiff, Jasmine Allen as leader of Girl Scout Troop and Girl Scout of Missouri Heartland, perfected and effectuated contract and sub-contract to sell cookies via contract with regional and Girl Scout of Missouri Heartland level. Contract formation, of At Home Store, Judd Nystrom, officer signatured the Articles of Incorporation for registered agent, Garden Ridge Management, LLC, registered agent for At Home Store, LLC, local agents [Jennifer, Blake, and Jamie] located in the Kickapoo Corners Shopping Center, 3700 S Campbell Ave, Springfield, MO 65807, Greene County, Missouri. The Plaintiff Allen knowingly plan contract with regional and State levels of defendant At Home Store, [Blake and Jaime] under equal protection of law. Plaintiff, Allen member of protected class, alleged because of race and national origin (African American and Hispanic Origin) described herein were residents of Missouri and all times relevant hereto resided at 945 W. Brower, Springfield, Greene County, State of Missouri.

5.      Thus, "breach public contracts for safe and warm environment to sell cookies, unlike the white girl scouts' troops" on February 17, 2019, at 12:00 p.m. up to 2:00 pm, by

4

defendant, At Home Store, local employees and agents, supervisors' local agents [Jennifer, Blake, and Jamie]. Purports At Home Store, employees, and local agents [Jennifer, Blake, and Jamie] overt race-based discrimination, aided, abetted, and accomplices in "breach public contracts for safe and warm environment to sell cookies, unlike the white girl scouts troops leader" At Home Store. The officer Judd Nystrom, and Garden Ridge Management, LLC, registered agent for At Home Store, LLC, Corporation was in good standing on February 17, 2019, and address to be served 221 Bolivar Street, Jefferson City, MO 65101.

6.    That defendant, Mary Jane Broussard, chief administrative officer, and general counsel, At Home Store, Inc., corporate offices. As respondent superior on February 17, 2019, pursuant to duty in establishing rules, policies and provisions for local employees and agents' local agents [Jennifer, Blake, and Jamie] Springfield Missouri execution of At Home Store, public accommodation contracts. However, as result of the race-based discriminatory and ministerial duties, actions, and misconduct by At Home Store local agents [Jennifer, Blake, and Jamie] during application of cookies sale contract, and subsequent breach cause investigations of discrimination. The "breach public contracts for leader of girl scouts safe and warm environment to sell cookies" outside At Home Store, Kickapoo Corners Shopping Center, 3700 S Campbell Ave, in Springfield, Missouri. At Home Store, INC, Corporation at Home Store, LLC, Corporation was in good standing, on February 17, 2019, address 1600 E. Plano PKWY, Plano, TX 75074.

7.    That defendant, Mary Jane Broussard on February 17, 2019, duty as chief administrative officer as such duty construed as chief administrative officer aided the discrimination, by local agents [Jennifer, Blake, and Jamie] not resolving complaint, as executive officer of At Home Store, LLC, Corporation. Authorize officers, employees, agent's *ultra-virus* authority during At Home Store investigations of breach contract discrimination of the unconstitutional misconduct by local

5

agents [Jennifer, Blake, and Jamie] because of race, "breach public contracts for leader of girl scouts safe and warm environment to sell cookies" not outside At Home Store in subfreezing temperature and/or negligently omitted overt race-based discrimination. The At Home store by local agents [Jennifer, Blake, and Jamie] local policies regarding contracts purports complicity, during and furthering the investigations of discrimination, Springfield, Missouri. By defendant, Mary Jane Broussard, chief administrative officer, and general counsel. At Home Store, Inc., corporate polices and offices At Home Store, LLC, Corporation was in good standing, on February 17, 2019, and address to be served 1600 E. Plano PKWY, Plano, TX 75074.

8.      That defendant, At Home Store, local employees, agents [Jennifer, Blake, and Jamie] on April 5, 2019, failed to mitigate complaint with unrefuted photographic evidence purporting plaintiff as leader of black girls' scouts. Images of plaintiff, Allen outside the at Home Store selling cookies and/or negligently omitted the resolution of complaint. With white girl scouts in photographic evidence. Which evidence are unrefuted and support the egregious breach and race-based discrimination against plaintiff, Allen as leader for local girl scout's troop. The defendant, At Home store local agents [Jennifer, Blake, and Jamie] local policies regarding contracts purports complicity in the discrimination.

9.      During investigations on February 17, 2019, of the overt race-based discrimination by local employees and agents [Jennifer, Blake, and Jamie] in Springfield, Missouri. Subsequent retaliation by At Home Store local employees, and agents [Jennifer, Blake, and Jamie] against plaintiff as leader. Adversely affected the leader contract to sell cookies with At Home Store locally and nationally. Coupled with Girl Scout of Missouri Heartland affiliation breach contract and malicious, intentional, and disparaging retaliation by local agents [Jennifer, Blake, and Jamie] reporting and the challenge to race-based and bias policies reporting and alleging discrimination to

6

at Home Stores regional and corporate offices for retaliation and free speech. As such cause and deprived plaintiffs from selling girl scouts cookies at Home Stores in Springfield and breach leader contract with Girl Scout of Missouri Heartland in state of Missouri in the future. At Home Store, Inc, at Home Store, LLC, Corporation was in good standing, on February 17, 2019, address 1600 E. Plano PKWY, Plano, TX 75074.

10. That defendant, Mary Jane Broussard on February 17, 2019, chief administrative officer, and general counsel, At Home Store, Inc., corporate offices. As respondent superior had duty to direct and supervise the local agents [Jennifer, Blake, and Jamie] "breach public accommodation contracts for leader of girl scouts safe and warm environment. To sell cookies" supervise, training all employees, agents, officers and regional managers of chief administrative officer, duty to promulgate rules and formulate regulations for public accommodation contracts investigations of discrimination At Home Store customer care. In implementing non-bias polices, and execution of public accommodation contracts for leader of girl scouts in compliance with city, county, and state, federal and state statutory laws governing race-based discrimination. At Home Store, LLC, Corporation At Home Store, LLC, Corporation was in good standing, on February 17, 2019, address 1600 E. Plano PKWY, Plano, TX 75074.

11. That defendant, Mary Jane Broussard on April 5, 2019, chief administrative officer, duty of promulgate policies that governing public accommodation contracts, investigations, officers, agent's duties, and customs, and during the race-based discrimination At Home Store customer care by local agents [Jennifer, Blake, and Jamie] and investigations of discrimination, Springfield, Missouri. By all defendants above in the race-based discrimination and investigation and/or omissions of its employees, agents, by local agents [Jennifer, Blake, and Jamie] officers, and supervisor (regional and local) overt acts of race-based discrimination for At Home Store by local

7

agents [Jennifer, Blake, and Jamie] in Springfield, Missouri. Coupled with their egregious and willful, intentional, reckless negligence, dereliction of defendant, At Home Store, duty by officers and agents under the doctrines of vicarious liability and respondeat superior, including chief executive officer. At Home Store, INC, Corporation at Home Store, LLC, Corporation was in good standing, on February 17, 2019, address 1600 E. Plano PKWY, Plano, TX 75074.

12. That defendant, At Home Store, on April 5, 2019, before and after plaintiff filing race-based discrimination complaint with Missouri Human Rights Commission. At Home Store agent, by local agents [Jennifer, Blake, and Jamie] customer care specialist, Traci Combs was assigned to case for At Home Store corporate office, on April 5, 2019. Plaintiff, Jasmine Allen received via email communication from defendant, At Home Store customer care specialist via email communication. During, and regarding the At Home Store investigations of discrimination, the "breach public accommodation contracts for leader of girl scouts safe and warm environment to sell cookies". Customer Care Specialist, Traci Combs, at Home Store, LLC, Corporation at Home Store, LLC, Corporation was in good standing, on February 17, 2019, address 1600 E. Plano PKWY, Plano, TX 75074.

13. That defendant, At Home Store, on April 5, 2019, Customer Care Specialist, Traci Combs, of corporate office responded to plaintiff, Allen alleging discrimination by local agents [Jennifer, Blake, and Jamie]. Thank you for the additional information, our District Manager has been updated with this information and will reprimand and coach the management team at the store [Blake and Jaime] at Home Store in Springfield, Missouri. They will also be trained by local agents [Jennifer, Blake, and Jamie] on proper procedures and the policy to follow when it comes to solicitation at the store. We again want to sincerely apologize for the by local agents [Jennifer, Blake, and Jamie] unacceptable treatment received, and we are going to take steps to ensure that

8

this situation does not repeat itself. Customer Care Specialist, Traci Combs, at Home Store, LLC, Corporation at Home Store, LLC, Corporation was in good standing, on February 17, 2019, address 1600 E. Plano PKWY, Plano, TX 75074.

14.  That Traci Combs, Customer Care Specialist in conceding to race-based discrimination…."If we can assist the Missouri Heartland Girl Scout troops with a gift card donation to assist with fund raising, we would be happy to get something in the mail, we would just need the best address to send it to. We appreciate your time you took to share this information with us, feedback is vital to our success. Traci Combs, Customer Care Specialist, phone number, 972-265-1336. Plaintiff, Allen via email on Friday, April 05, 2019, 10:11 am, to Traci Combs subject: At Home Corporate Office, plaintiff, Allen, yes, we do want a resolution. It was Girl Scout of Missouri Heartland that we set up through as they were approved to by the at Home Store. Customer Care Specialist, Traci Combs, at Home Store, LLC, Corporation at Home Store, LLC, Corporation was in good standing, on February 17, 2019, address 1600 E. Plano PKWY, Plano, TX 75074.

15.  That defendant, At Home Store, on April 5, 2019, via email transmission customer care specialist, Traci Combs, to plaintiff, Allen. On behalf of At Home Corporation, we would like to extend our sincerest apology to you and your girl scout troop and thank you for bringing this situation to our attention the discrimination by local agents [Jennifer, Blake, and Jamie]. Please know that we take your experience in our store very seriously and intend to resolve this matter as swiftly and equitably as possible.  At Home does not tolerate racial or ethnic discrimination at any level by local agents [Jennifer, Blake, and Jamie] and we again are very sorry if you felt this way. We have shared your experience with the District Manager as well as the Regional Manager for review and  training purposes for by local agents [Jennifer, Blake, and Jamie]. At Home does not

9

permit solicitation outside or inside our stores without corporate approval, may we please ask whom approved the set up? We are sure you share our desire to resolve this situation as quickly as possible, and we will do whatever it takes to get to the bottom of the matter. Customer Care Specialist, Traci Combs, at Home Store, LLC, Corporation at Home Store, LLC, Corporation was in good standing, on February 17, 2019, address 1600 E. Plano PKWY, Plano, TX 75074.

16. That plaintiff, Allen alleged on June 17, 2019, at 11:34 am via email transmission to Anna Siddiqui. Intake officer of Missouri Human rights Commission, in Jefferson City, MO amended the race-based discrimination complaint in public accommodation contract with defendant, At Home Store by local agents [Jennifer, Blake, and Jamie] in Springfield, Missouri. Also forward to At Home corporate office good afternoon, this is their response. Traci Combs, Customer Care Specialist investigated complaint in Springfield, Missouri because of race, national origin, (African American and Hispanic Origin, members of protected class) at Home Store, LLC, Corporation at Home Store, LLC, Corporation was in good standing, on February 17, 2019, address 1600 E. Plano PKWY, Plano, TX 75074.   .

16a. That plaintiff, Allen alleged on June 17, 2019, submitting plaintiff complaint and causes of action for egregious violations of plaintiff constitutional and civil rights to public accommodation, equal protection, by local agents [Jennifer, Blake, and Jamie]. Moreover, local employees overtly "breach public contracts" deprived of civil rights to public contracts because of race and national origin against all above defendant's and vicariously and culpable with liability of the overt race-based discrimination, duress disorder, infliction of emotional distress and duress as result of the breach public contracts. Customer Care Specialist, Traci Combs, at Home Store, LLC, Corporation at Home Store, LLC, Corporation was in good standing, on February 17, 2019, address 1600 E. Plano PKWY, Plano, TX 75074.

10

17.    Accordingly, court shall find leader, Allen as member of protected class (individually as leader of Girl Scout Troop), is citizen and resident of Greene County, Missouri and was so on February 17, 2019, at 11:30 a.m. During the egregious race-based discrimination, by local agents [Jennifer, Blake, and Jamie] misconduct and contract breach. Because of race, national origin, civil and constitutional rights, violations, and misconduct. Sustains plaintiffs causes of action for violations of plaintiffs constitutional and civil rights to equal protection and free speech by local agents [Jennifer, Blake, and Jamie], "breach public contracts for cookies sales" and denied equal protection, and deprivation, coupled with misconduct of at Home Store local and regional officers and employees. Plaintiff, Allen member of protected class, alleged because of race and national origin (African American and Hispanic Origin) described herein were residents of Missouri and all times relevant hereto resided at 945 W. Brower, Springfield, Greene County, State of Missouri.

## JURISDICTION

18.    That this action is brought pursuant to the constitutional and civil rights protected by this section under color of State law; 42 U.S.C. § 1981, Equal Protection under the law, breach public contracts to sell girl scouts cookie, including civil and constitutional rights to contract cookies sales in public accommodation places and contracts, 42 U.S.C. § 1983, deprivation of civil rights to public accommodation contracts particular, accordingly, district court shall conclude that the phase includes at Home Stores, Inc. as such At Home Store, LLC, by local agents [Jennifer, Blake, and Jamie] violated and denied the privileges of making and enforcing public accommodation contract. Absent race-based discriminatory treatment; and race discriminatory actions, misconduct, and egregious negligence, or deprived of having and exercising any right or privilege, the party so injured or deprived may have an action for the recovery of damages

11

occasioned by such injury or deprivation of civil rights. That does invoke federal district court original, exclusive, and supplemental jurisdiction pursuant to 28 U.S.C. §§1331 and 1367. Further jurisdiction conferred upon this court to adjudicate, enforce these constitutional violations under due process clauses of Missouri 10 Tenth Amendment and U.S. Constitution Amendments, 1st, First, 5th, Fifth and 14 Fourteenth Amendments sections 5.

19.     That this action brought pursuant to RSMo, § statues and the plaintiff was subjected to race-based discrimination in violations of state-law claims under the MHRA. The district court shall adopt supplemental jurisdiction, with judicial notices and observe that the Missouri statute prohibits discrimination based on race in any place of public accommodation. Mo.Rev.Stat. § 213.065. After analyzing the statutory definition of "places of public accommodation," *id.* § 213.010(15), and RSMo 516.010, personal injury statutes, in conjunction with federal statutes and the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation and conspiracy to deprived of civil and constitutional rights by all defendants. Plaintiff civil rights violated, the rights protected by this section under color of law, race discriminatory treatment, negligence and personal injury tort doctrine, or other state legal relations are affected by state statute. That does invoke federal district court jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction under 28 U.S.C. § 1367. Further jurisdiction conferred upon this court to adjudicate and enforce these constitutional and civil rights violations under due process clauses of Missouri 10 Tenth Amendment and U.S. Constitution Amendments, 1st, First, 5th, Fifth and 14 Fourteenth Amendments sections 5.

12

## COUNT I

COME NOW Plaintiff, Jasmine Allen (individually), members of protected class in Count-I pursuant to 42 USC 1981, equal protection of law and civil rights to make and enforce public accommodation contracts and deprivation of civil rights civil rights to sell girl scouts cookies and for their causes of action against the above defendants, At Home Store defendants and by local agents [Jennifer, Blake, and Jamie] race-based discriminatory animus, as result breach cookie sales contract, loss of cookie sales contracts in subjection plaintiff to disparaging treatment race-based, post-traumatic stress disorder, excessive personal injuries to plaintiffs' person, pain and suffering against all defendant(s) and agents for violations of equal protection of public contracts, alleges, avers, and states to the Court as follows:

20.     Plaintiffs hereby incorporates herein by reference Paragraphs 1–19 of Plaintiff(s) Civil Rights Petition as though fully set forth herein.

21.     That plaintiff/leader, Jasmine Allen on or about January of 2019 alleged as leader of girl scouts begin planning to enter girl scout's cookie sailing contracts and the executing of Girl Scouts troops cookies sale contracts in the At Home Store in Springfield, Missouri contract.

22.     That plaintiff/leader, Allen on February 17, 2019, at 11:30 a.m. alleged as leader of girl scouts were subjected to race-based discriminatory animus, intentional, egregious, and direct overt and direct racial-base discrimination, and segregation of Girl Scouts cookie sales contract, by local agents [Jennifer, Blake, and Jamie] during the executing of Girl Scouts troops cookies sale contracts in the At Home Store in Springfield, Missouri contract.

23.     That plaintiff/leader, Allen on February 17, 2019, at 11:30 a.m. alleged as leader of girl scouts inform the At Home corporate office of the egregious race-based discrimination in

public accommodation contracts and the overt race-based discrimination by At Home managers and local agents [Jennifer, Blake, and Jamie].

24.     That plaintiff/leader, Allen on February 17, 2019, our Girl Scout Troop 71657 experienced the egregious race-based discrimination, race-based discriminatory animus, in public accommodation and gross negligence in addressing race-based discrimination by local agents [Jennifer, Blake, and Jamie], At Home Store in Springfield, Missouri.

25.     That plaintiff/leader, Allen on February 17, 2019, the sequence of the alleged amended egregious race-based discrimination in execution of public accommodations contract free of race-based discriminatory animus contract discrimination by local agents Jennifer, Blake, and Jamie and because of race, national origin, color African American/Hispanic.

26.     That plaintiff/leader, Allen alleged on February 17, 2019, at 11:30 a.m. and leader Lockett asked to speak with a manager to inform them, per contract that we were here to setup a scheduled cookie booth from 12-2 pm.

27.     That plaintiff/leader, Allen alleged on February 17, 2019, at 11:30 a.m. and leader Lockett asked and if we could setup inside the store doors due to the subfreezing and frigid weather (18) eighteen degrees below freezing.

28.     That plaintiff/leader, Allen alleged on February 17, 2019, leader Lockett spoke with Jennifer who stated she was a manager but had to consult with another manager to get an answer in setting up booth.

29.     That plaintiff/leader, Allen alleged on February 17, 2019, shortly after Jennifer returned from speaking with Jamie, she was informed that they have new polices and regulation this year from corporate offices and cookie sales contract must be conducted outside at Home Store, along the sidewalk, pretext masking intentional discrimination.

14

30.     That plaintiff/leader, Allen alleged on February 17, 2019, at 11:30 a.m. leader Lockett mentioned about the freezing temperature outside and the response was that is the new regulation from At Home corporate office that he got a hold of district manager, pretext masking intentional discrimination.

31.     That plaintiff/leader, Allen alleged on February 17, 2019, so immediately leader Lockett posted on band "an app where our troop communicates with all Girl Scout parents" that the rules have changed and the girls will be outside for their cookie booth and to bundle up, so hats, gloves, scarf's.

32.     That plaintiff/leader, Allen alleged on February 17, 2019, Girl Scout Troop 71657 set up cookie booth outside. The leader and Girl Scout Troop sustained substantial and significant losses in cookie sales and missing required quota, as result of selling cookies out-side in freezing temperature.

33.     That plaintiff/leader, Allen alleged on February 17, 2019, the girls were sent inside every (10) ten minutes to warm up and take a bathroom break. The Girl Scout Troop sustained substantial and significant losses in cookie sale missing required quota due to race, color, and national origin in violation of the Missouri Human Rights Act.

34.     That plaintiff/leader, Allen alleged on February 17, 2019, at 1:05 Girl Scout Troop 7157 packed up cookie booth due to cold weather. It was 55 minutes early and the Girl Scout Troop sustained substantial and significant losses in cookie sale and missing required quota.

35.     That pursuant to federal civil rights statues 42 USC 1981, equal protection under law, 1983 deprivation and state law breach public accommodation contracts to deprive of civil and constitutional rights of leader Allen, may be considered by the trier of facts in determining how

much damages should be awarded to Plaintiff, including, but not limited to, defendant, willful and intentional race-based discrimination in cookie sales contract of plaintiff/leader, Jasmine Allen.

36.     That plaintiffs alleged defendants, At Home Store, race-based discriminatory animus, on February 17, 2019, and its agents, and supervisors deprived plaintiffs of civil and constitutional rights of contracts, failing to properly and adequately train, control, and supervise its employees and agents of the civil laws and statutes, regulations; and provisions; that defendant At Home Store failed to follow existing policy, procedure, state and federal statutory law, or custom of the at Home Stores and the state laws in regards to defendant, At Home Store, compliance with laws and state and federal statutes that govern at Home Stores as public accommodations, practices, contracts, and application of contracts in compliance under color of state laws and statues within Missouri laws.

37.     That plaintiff alleged defendant, At Home Store local employees and agents race-based discriminatory animus, on February 17, 2019,  action and misconduct alleged herein were ministerial and *ultra vires* authority in nature, absent of delegated authority; that At Home Store, subject to liability as a result of its officials and agents, defendant, At Home Store, *ultra vires* authority and ministerial actions and misconduct; that defendant At Home Store, failed to follow existing policies and/or customs in regard to Missouri, statutory and civil rights laws governing At Home Store.

38.     That plaintiff/leader Allen alleged all defendants race-based discriminatory animus, (corporate and individual capacities) and agents of At Home Store, on February 17, 2019, failed to follow and comply with existing policy, ordinances, laws, and/or customs, and exercise professional judgment in civil laws and statues by defendants, At Home Store, action and misconduct on or about February 17, 2019, regarding Plaintiff/leader, Allen, cookie sales contract

16

in a timely, sufficient, adequate, and reasonable manner.

39.    That all defendants At Home Store, employees, and agents' race-based discriminatory animus, on February 17, 2019, failed to follow and comply with existing policy, ordinances, law, and/or customs, of Missouri and to exercise professional judgment in not recognizing the plaintiff/leader, Allen subcontracting of cookie sales contract.

40.    That all Defendants race-based discriminatory animus, on February 17, 2019, had an affirmative duty to afford plaintiff/leader, Allen the public cookie sales contracts, duties for citizens, and at Home Store extreme dereliction of duty. Failure to properly investigated the egregious breach of public cookie sales contract and race-based discrimination in timely manner to provide needed assistance in cookie sales contract for plaintiff, Allen, however, all defendants egregious negligence, recklessness, conscious indifference, race-based discrimination and/or omissions that shocks the conscience reasonable person and willful actions and misconduct deprived and conspired to deprive plaintiffs of constitutional and civil rights to cookie sales contracts.

41.    That all defendants race-based discriminatory animus, on February 17, 2019 failed to follow and comply with existing policy, laws, statues, provisions, sections of city municipal codes the promulgation and formulation of defendant At Home Store, and defendant regulations, provisions, and state and federal laws governing At Home Stores, customs, policies, statutes, rules, laws, ordinances, and failed to exercise professional judgment, in a timely, proficient, efficient, sufficient, adequate, professional, and reasonable manner with pre-textual reasons that purports malice intent in violations of plaintiffs constitutional and civil rights to contract cookie sales.

42.    As a direct and proximate cause and result of all above At Home defendant's race-based discriminatory animus, exhibited egregious race-based discrimination and discriminatory

negligence at 11:22 pm on February 17, 2019, and plaintiff sustained extreme and substantial damages continuing to present date. That Plaintiffs alleged injuries and damages and requested relief (past and future) loss emotional distress, compensatory damages, pecuniary loss pain and suffering prospective relief mental anguish and loss of enjoyment of life and monetary damages and warrant punitive damages. That Plaintiff alleged all defendants' egregious negligence in with defendants, and agents and plaintiffs' damages more than $1,000,000.00 (one million dollars) for compensatory and punitive damages, a jury question.

43.     As a direct and proximate cause and result of all At Home Store, defendants on February 17, 2019, race-based discriminatory animus, gross negligence, breaches of contract duties of cookie sale contract, malicious acts of subjecting plaintiff cold and freezing temperatures, recklessness, conscious indifference, and/or willful action and misconduct and/or omissions, plaintiff's person sustained the following damages: tortuous breaches of duty(s) substantially damaged Plaintiff persons with negligent and intentional inflictions of emotional distress and duress. Further, subjected Plaintiffs to secondary aggravation of pre-existing injuries with continuing mental anxiety, [TBI] traumatic brain injuries, emotional stress, disability, personal injury torts, because of the defendant's gross negligence. Plaintiffs were further significantly and substantially damaged, harmed, that Plaintiffs further subjected to damages of loss income, subjection to mental anxiety, PTSD and exacerbation of PTSD distress, duress, pecuniary losses, pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

44.     That the above-described actions and misconduct by all defendants race-based discriminatory animus on February 17, 2019 demonstrated, purported and showed an unconstitutional, intentional, malicious, deliberate, conscious indifference, and a reckless disregard to Plaintiffs rights to contract, subjected to mental anxiety, defect, inflictions of

emotional distress, and personal injury torts as a result of breaches of cookie sales contract; that shocks the conscience and significantly violated plaintiffs rights to contract, liberty, and the pursuit to happiness of living in Missouri and these United States, all in violation of the due process clause of the 1st, free speech, 5th due process of U.S. Constitutional Amendment 14; and violation of the due process clause of the Missouri Constitution Amendment 10; thus entitling plaintiff to punitive damages for the gross wrong acts and misconduct of defendants.

45.     That by reason of the foregoing on February 17, 2019, plaintiffs, Allen has been significantly and substantially and continually too be injured and damaged for the remaining of contract breach of cookie sales contract in an amount more than $1,000,000.00, million dollars.

46.     That above-described actions and misconduct by all defendants, At Home Store, race-based discriminatory animus, demonstrated and showed unconstitutional, intentional, malicious, deliberate, conscious indifference, overt race-based discrimination and a reckless disregard to Plaintiffs contract subjected to mental anxiety, inflictions of emotional distress, and personal injury torts as a result of breach contract; that shocks the conscience and significantly violated Plaintiffs rights to contract, liberty, and the pursuit to happiness of living in Missouri and these United States, all in violation of the due process clause of the U.S. Constitutional Amendment 14; This discriminatory conduct and omissions shock the conscience of a reasonable person, whereas in extreme violation of plaintiff and rights to contract under, 42 U.S.C. § 1981, and 1983 Constitutional Rights and under the Due Process Clause of the 1st, 5th and 14th Amendment to the U.S. Constitution, and the 10th Amendment to the Missouri Constitution.

WHEREFORE, plaintiff/leader, Allen plea and pray that this court declare that defendant's, At Home Store defendants and conduct were reckless breach, unfair, malicious and disparaging treatment in cookie sale contract were unconstitutional, intentional, deliberate, malicious,

indifferent, and demonstrated a reckless disregard to plaintiff personal injury rights, coupled with violations of Missouri public accommodation statues cookie sale contract laws and constitutional rights, as a result of the defendant reckless and negligent breach of cookie sale contract.

<b><u>COUNT II</u></b>

COME NOW Plaintiffs/Leader, Jasmine Allen (individually), members of protected class, in Count-I pursuant to 42 USC 1981, equal protection of law and civil rights to make and enforce contract, as result defendants, employees and agents egregious retaliation for reporting race-based discrimination to At Home regional and corporate office and by local agents [Jennifer, Blake, and Jamie], and for her causes of action malicious retaliation against the above defendants, At Home Store and agents, as result retaliation for reporting race-based discriminatory animus, treatment and discrimination by agents in violations of 1st Amendment US Constitution free speech, equal protection of public contracts, and disparaging treatment alleges, avers, and states to the Court as follows:

47.     Plaintiffs hereby incorporates herein by reference Paragraphs 1–46 of Plaintiff(s) Civil Rights Petition as though fully set forth herein.

48.     That plaintiff/leader, Allen on February 17, 2019, and shortly thereafter alleged as leader of girl scouts was discriminated against, coupled with the malicious and intentional retaliation for calling at Home Regional and Corporate office by office by local agents Jennifer, at Home Store, LLC stores at Kickapoo Corners Shopping Center  in Springfield, Missouri as [black] leader.

49.     That plaintiff/leader, Allen alleged on February 17, 2019, witnessed and video another white girl scouts' troop were inside of the entrance At Home Store selling cookies, and leader Allen took photos. This is direct evidence of overt racial-based discrimination. Leader Allen then notified leader Lockett of her findings.

20

50. That plaintiff/leader, Allen alleged on February 17, 2019, alleges egregious retaliation for reporting race-based animus, discrimination and public accommodations race-based discrimination and retaliation of cookie sale contract because of African American/Hispanic race by At Home Store, due to race, color, and national origin in violation of the Missouri Human Rights Act and Federal Statues.

51. That plaintiff/leader, Allen alleged on February 17, 2019, leader Lockett then proceeded to the store to question the new regulations, pretext masking race-based discrimination and retaliation for reporting race-based discriminatory animus, treatment and discrimination

52. That plaintiff/leader, Allen alleged on February 17, 2019, Leader Lockett spoke with Jennifer, and she called Jamie on the walkie-talkie, pretext masking discrimination, he informed her via text message at 12:47, it was new policy the Girl Scouts are allowed to sell out-side the entrance.

53. That plaintiff/leader, Allen alleged on February 17, 2019, egregious race-based discrimination in public accommodations, race-based discrimination, and retaliation of cookie sale contract for reporting the discrimination because of African American/Hispanic race by At Home Store, due to race, color and national origin in violation of the Missouri Human Rights Act.

54. That plaintiff/leader, Allen alleged on February 17, 2019, leader Lockett questioned why we weren't notified of being able to set up out-side At Home Store in Springfield, Missouri. Leader, Allen alleged on February 17, 2019, Jamie response was that Blake was busy on lunch.

55. That plaintiff/leader, Allen alleged on February 17, 2019, leader did see that we were still in front of the store about to load up. Plaintiff/leader, Allen alleged on February 17, 2019, seen Ford pickup which leader Lockett's vehicle is pull up to get cookie boxes when she returned to store.

56.     That plaintiff/leader, Allen alleged on February 17, 2019, egregious race-based discrimination and public accommodations discrimination and retaliation of cookie sale contract, in cold subfreezing temperature [cruel and inhumane treatment] violations of 8th Eighth Amendment US Constitution and because of African American/Hispanic race by At Home Store, due to race, color and national origin in violation of the Missouri Human Rights Act.

57.     That plaintiff/leader, Allen alleged on February 17, 2019, Jamie could have notified troop 71657 of the new information we received via text message so we could move our booth inside. Plaintiff/leader, Allen on February 21, 2019, alleged shortly thereafter as leader of girl scouts was discriminated against, coupled with the malicious and intentional retaliation by Jamie for reporting and calling At Home Store regional and corporate offices.

58.     That plaintiff/leader, Allen alleged on February 17, 2019, at 3700 S Campbell Ave, Springfield, MO 65807, alleges returned to the store at 3:00, to check and see if the new regulation Agents were told about were being enforced for everyone. Discovered At Home Store permitted whit girl scouts sold cookie inside store.

59.     That plaintiff/leader, Allen on February 17, 2019, alleged racial segregation, negligence, and retaliation during the executing of Girl Scouts troops cookies sale contracts in the At Home Store, overt racial segregation by race white's and black's cookie sale contract outside and inside.

60.     That plaintiff/leader, Allen on February 17, 2019, alleged conversely to white girl scouts inside AT Home Store and as alleged to Ms. Combs on February 17, 2019, at 11:30 a.m. the At Home Store executed a lawful and binding public accommodation contract.

61.     That plaintiff/leader, Allen alleged on February 17, 2019, the troop lost over 60 sixty minutes of cookie sale time and the girls had to endure the cold temperatures, cruel and

inhumane treatment, violations of 8th Amendment to US Constitution, and this was some of the girl's first experience with cookie sales as a Girl Scout.

62.     That plaintiff/leader, Allen alleged on February 17, 2019, egregious race discrimination and public accommodations discrimination and retaliation of cookie sale contract because of African American/Hispanic race by At Home Store, due to race, color, and national origin in violation of the Missouri Human Rights Act.

63.     That plaintiff/leader, Allen on February 21, 2019, alleged shortly thereafter as leader of girl scouts was discriminated against, coupled with the malicious and intentional retaliation by Jamie for reporting, as result plaintiff permanent banned for cookie sale contracts at Home Store, LLC stores in Springfield, Missouri as [black] girl scouts' leader .

64.     That plaintiff/leader, Allen on February 21, 2019, this will subject her to PTSD post-traumatic stress disorder and for remains of her life. The sequence of the alleged amended egregious race-based discrimination and public accommodations discrimination by local agents [Jennifer, Blake, and Jamie], and retaliation for reporting and because of race, national origin, color African American/Hispanic.

65.     That plaintiff/leader, Allen on February 21, 2019,  Tracie Combs as the customer care specialist for At Home Store Corporation office per request, at Kickapoo Corners Shopping Center, Lockett, and Allen and the Girl Scouts respectfully submit and was subjected intentional and egregious and direct racial-based segregation and discrimination. Also alleges egregious retaliation for reporting race-based animus, and discrimination to corporate offices.

66.     That plaintiff/leader, Allen alleged on February 25, 2019, at around 12:00 pm the At Home Store manager (Blake) informed leader Allen that it is just a courtesy for the Girl Scouts

23

to sell cookies in our store and he supports his other managers that they were just following protocol, pretext masking discrimination.

67. That plaintiff/leader, Allen alleged on February 25, 2019, egregious race discrimination and public accommodations discrimination and retaliation of cookie sale contract because of African American/Hispanic race by At Home Store due to race, color, and national origin in violation of the Missouri Human Rights Act.

68. That plaintiff/leader, Allen alleged on February 25, 2019, at around 12:00 pm the store manager informed leader, Allen that he is calling now to Girl Scouts and putting an end to us selling Girl Scouts cookies there, direct retaliation in violation of Federal civil rights laws.

69. That plaintiff/leader, Allen alleged on February 25, 2019, pointed out to At Home Store agent that our troop is a minority troop and the other troop that was inside was not but (white) and (Jamie) he said that was not unequal it was just protocol, pretext masking discrimination.

70. That plaintiff/leader, Allen alleged on February 25, 2019, egregious race-based discrimination, public accommodations discrimination and retaliation misconduct of cookie sale contract because of African American/Hispanic race by At Home Store due to race, color and national origin in violation of the Missouri Human Rights Act.

71. That plaintiff/leader Allen alleged on February 25, 2019, egregious race-based discrimination, public accommodations discrimination and retaliation by Home Store agents because of reporting discrimination of cookie sale contract to At Home Store Corporate Offices and because of African American/Hispanic race by At Home Store due to race, color and national origin in violation of the Missouri Human Rights Act.

72. That plaintiff/leader, Allen alleged on February 25, 2019, At Home Store extreme subjection to racial-based discrimination by At Home Store, local agent Jammie, coupled with

denial of equal protection, cruel and inhumane treatment as well as public humiliation and embarrassment, extreme mental anguish on February 17, 2019.

73. That plaintiff/leader, Allen alleged on February 25, 2019, egregious race discrimination and public accommodations discrimination and alleges egregious retaliation for reporting race-based animus, and discrimination to corporate offices for cookie sale contract and because of African American/Hispanic race by At Home Store.

74. That plaintiff/leader, Allen alleged on February 25, 2019, in violation of the Missouri Human Rights Act. Amended complainant alleged (Caucasian) Troop were permitted to execute cookie sale contract inside the At Home Store purporting direct race-based discrimination and disparaging treatment, further, alleges egregious retaliation for reporting race-based animus, and discrimination to corporate offices.

75. That plaintiff/leader, Allen alleged on February 25, 2019, (Caucasian) Troop were permitted cookies sale at entrance, in safe, and warm from frigid freezing winter weather conditions. We African American Troop were denied by At Home Store agents and representatives execute cookie sale contract inside (white leaders but outside for black leaders.

76. That plaintiff/leader, Allen alleged on February 25, 2019, (Caucasian) Troop were permitted inside at Home Store and Shopping Center places of public accommodations to sell cookies.

77. That plaintiff/leader, Allen alleged on February 25, 2019, coupled with monetary damages denial of equal protection, cruel and inhumane treatment, as well as public humiliation and embarrassment and extreme mental anguish.

78.     That plaintiff/leader, Allen alleged on March 28, 2019, alleges the record supports the agents and representatives of At Home Store, Tracie Combs has communicated with plaintiff Allen regarding this complaint.

79.     That plaintiff/leader, Allen alleged on March 28, 2019, agent Combs the purpose of letter was to inform the corporate office of the egregious race-based discrimination in public accommodation and gross negligence in not recognizing the overt race-based discrimination animus by At Home Store managers Jennifer, Blake, and Jamie.

80.     That plaintiff/leader, Allen alleged on March 28, 2019, alleges local agents, coupled with the malicious and intentional retaliation by calling At Home Store, and Regional Girl Scouts Troop office with malicious intent and breaching cookie sale contracts.

81.     That plaintiff/leader, Allen alleged on March 28, 2019, plaintiff Girl Scout Troop 71657 were subjected to and experienced the egregious race-based discrimination and retaliation in public accommodation and gross, recklessness and coupled with egregious negligence in addressing race-based discrimination At Home Store in Springfield, Missouri.

82.     That plaintiff/leader, Allen alleged on March 28, 2019, subjected to PTSD post-traumatic stress disorder and aggravation pre-existing [TBI] traumatic brain injury for remains of her life. The sequence of the alleged amended egregious race discrimination and public accommodations discrimination and retaliation because of race, national origin, color African American/Hispanic.

83.     That plaintiff/leader, Allen alleged on March 28, 2019, egregious race discrimination and public accommodations discrimination and retaliation of cookie sale contract because of reporting to corporate offices as African American/Hispanic race by At Home Store, at

Kickapoo Corners Shopping Center due to race, color and national origin in violation of the Missouri Human Rights Act.

84.     That plaintiff/leader, Allen alleged on April 19, 2019, via email transmission only to sufficiently informed Traci Combs, Customer Care Specialist of the overt race-based animus and discrimination At Home Corporation Corporate Office and the At Home Store Corporation in the Kickapoo Corners Shopping Center, 3700 S Campbell Ave, Springfield, MO 65807.

85.     That plaintiff/leader, Allen alleged on April 19, 2019, to present date subjection to race-based discriminatory animus, extreme violations of plaintiffs constitutional and civil rights to contract, similar situated white leaders of girl scouts had privy of equal protection contract under the law and race discrimination and public accommodations discrimination and retaliation of cookie sale contract because of reporting and race (black) and national origin (African American and Hispanic) are members of protected class were victims of egregious race-based discrimination.

86.     That plaintiff/leader, Allen alleged on April 19, 2019, to present date further discriminated and subjection to disparaging treatment against plaintiffs, and breach and banned cookie sale contract because of reporting and other similar situated white leaders of girl scouts not subjected to egregious breach cookie sale contract investigation not been depriving of due diligence, at the At Home Store Corporation in the Kickapoo Corners Shopping Center, 3700 S Campbell Ave, Springfield, MO 65807.

87.     That plaintiff/leader, Allen alleged on April 19, 2019, to present date was victims of egregious racial and intentional discrimination against the plaintiff, subjected to egregious breach of cookie sale contract, post investigations of discrimination, plaintiff is member of protected class, and other similar situated white leaders of girl scouts troop not subjected to further discrimination because of race (black) and national origin (African American and Hispanic), as

27

such violations of constitutional and civil rights and equal protection under law because of race and national origin.

88.     That plaintiff, Allen alleged all defendant(s) and agents' race-based discriminatory animus on April 19, 2019, to present date, further discriminated and subjection to disparaging treatment by all defendants during cookie sale contract because of race and national origin, other similar situated white leaders of girl scouts similar situated not deprive of due diligence in permission to established cookie sales contract.

89.     That all defendants race-based discriminatory animus on February 17, 2019 failed to follow and comply with existing policy, laws, statues, provisions, sections of city municipal codes the promulgation and formulation of defendant At Home Store, and defendant regulations, provisions, and state and federal laws governing At Home Stores, customs, policies, statutes, rules, laws, ordinances, and failed to exercise professional judgment, in a timely, proficient, efficient, sufficient, adequate, professional, and reasonable manner with pre-textual reasons that purports malice intent in violations of plaintiffs constitutional and civil rights to contract cookie sales.

90.     As a direct and proximate cause and result of all above At Home defendant's race-based discriminatory animus, exhibited egregious race-based discrimination and discriminatory negligence at 11:22 pm on February 17, 2019, and plaintiff sustained extreme and substantial damages continuing to present date. That Plaintiffs alleged injuries and damages and requested relief (past and future) loss emotional distress, compensatory damages, pecuniary loss pain and suffering prospective relief mental anguish and loss of enjoyment of life and monetary damages and warrant punitive damages. That Plaintiff alleged all defendants' egregious negligence in with defendants, and agents and plaintiffs' damages more than $1,000,000.00 (one million dollars) for compensatory and punitive damages, a jury question.

28

91.     As a direct and proximate cause and result of all At Home Store, defendants race-based discriminatory animus on February 17, 2019, gross negligence, breaches of contract duties of cookie sale contract, malicious acts of subjecting plaintiff cold and freezing temperatures, recklessness, conscious indifference, and/or willful action and misconduct and/or omissions, plaintiff's person sustained the following damages: tortuous breaches of duty(s) substantially damaged Plaintiff persons with negligent and intentional inflictions of emotional distress and duress. Further subjected Plaintiffs to secondary aggravation of pre-existing injuries with continuing mental anxiety, [TBI] traumatic brain injuries, emotional stress, disability, personal injury torts, because of the defendant's gross negligence. Plaintiffs were further significantly and substantially damaged, harmed, that Plaintiffs further subjected to damages of loss income, subjection to mental anxiety, PTSD and exacerbation of PTSD distress, duress, pecuniary losses, pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

92.     That the above-described actions and misconduct by all defendants on February 17, 2019 race-based discriminatory animus, demonstrated, purported and showed an unconstitutional, intentional, malicious, deliberate, conscious indifference, and a reckless disregard to Plaintiffs rights to contract, subjected to mental anxiety, defect, inflictions of emotional distress, and personal injury torts as a result of breaches of cookie sales contract; that shocks the conscience and significantly violated plaintiffs rights to contract, liberty, and the pursuit to happiness of living in Missouri and these United States, all in violation of the due process clause of the 1st, free speech, 5th due process of U.S. Constitutional Amendment 14; and violation of the due process clause of the Missouri Constitution Amendment 10; thus entitling plaintiff to punitive damages for the gross wrong acts and misconduct of defendants.

29

93.     That by reason of the foregoing on February 17, 2019, plaintiffs, Allen has been significantly and substantially and continually too be injured and damaged for the remaining of contract breach of cookie sales contract in an amount more than $1,000,000.00, million dollars.

94.     That above-described actions and misconduct by all defendants, race-based discriminatory animus, At Home Store demonstrated and showed unconstitutional, intentional, malicious, deliberate, conscious indifference, overt race-based discrimination and a reckless disregard to Plaintiffs contract subjected to mental anxiety, inflictions of emotional distress, and personal injury torts as a result of breach contract; that shocks the conscience and significantly violated Plaintiffs rights to contract, liberty, and the pursuit to happiness of living in Missouri and these United States, all in violation of the due process clause of the U.S. Constitutional Amendment 14; This discriminatory conduct and omissions shock the conscience of a reasonable person, whereas in extreme violation of plaintiff and rights to contract under, 42 U.S.C. § 1981, and 1983 Constitutional Rights and under the Due Process Clause of the 1st, 5th and 14th Amendment to the U.S. Constitution, and the 10th Amendment to the Missouri Constitution.

WHEREFORE, plaintiff/leader, Allen plea and pray that this court declare that defendant's, At Home Store, defendants agents and employees race-based discriminatory animus, and misconduct were reckless breach, unfair, malicious cookie sale contract were unconstitutional, coupled with subjection plaintiff/leader, Allen, personal injury rights, privileges; coupled with violations of Missouri public accommodation cookie sale contract laws and constitutional rights, as a result of the defendant reckless and negligent breach of cookie sale contract and any other relief the court deems fair and just.

## COUNT III

COME NOW Plaintiffs, Jasmine Allen (individually), members of protected class, *Pro Se* status, in Count-I pursuant to 42 USC 1981, equal protection of law and civil rights to make and enforce public accommodation contracts" and 42 U.S.C. § 1983, Deprivation of civil rights civil rights to sell girl scouts cookies, by local agents [Jennifer, Blake, and Jamie], via US Constitution, below freezing temperature with wind gusting above normal, subjections to cruel and inhumane treatment, for causes of action against At Home Store defendants as result race-based discriminatory animus and treatment, breach contract, loss of cookie sales in subjection plaintiff to post-traumatic stress disorder, excessive personal injuries to plaintiff person, pain and suffering against all defendant(s) and agents for violations of the 8th Amendment US Constitution, equal protection of public contracts, alleges, avers, and states to the Court as follows:

95.     Plaintiffs hereby incorporates herein by reference Paragraphs 1–94 of Plaintiff(s) Civil Rights Petition as though fully set forth herein.

96.     That plaintiff/leader, Allen alleged on February 17, 2019, at 11:30 a.m. and leader Lockett asked to speak with a manager to inform them, per contract that we were here to setup a scheduled cookie booth from 12-2 pm and if we could setup inside the store doors due to the subfreezing and frigid weather (18) eighteen degrees below freezing.

97.     That plaintiff, Allen, on February 17, 2019, at 11:30 am alleged had to sell cookies in below freezing temperature out-side At Home Store outside in Springfield, Missouri, when plaintiff entered contract to sell cookies for (2) two hours, inside At Home, the same the white girl scouts, and not in subfreezing temperature of (18) eighteen degrees below freezing temperature.

98.     That plaintiff, Allen, on February 17, 2019, at 11:30 a.m. as leader of Girl Scout Troop, coupled with photographic direct evidence and disparaging treatment by At Home Store

local agents, more specifically Jamie granting Caucasians white girl scout's troops leaders to sell cookies inside the store door of At Home Store on February 17, 2019.

99.     That plaintiff, Jasmine Allen, on February 17, 2019, at 11:30 a.m. leader for girl scout's troops alleged had to sell cookies outside At Home Store, in subfreezing temperature of (18) eighteen degrees below freezing temperature approximately (50) feet in distance from At Home front door entrance.

100.    That plaintiff, Allen, on February 17, 2019, at 11:30 a.m. leader for girl scout's troops alleged as leader of Girl Scout Troop, via email submitted complaint alleging race discrimination in public accommodation contract in subfreezing temperature of (18) eighteen degrees below freezing temperature.

101.    That plaintiff, Allen, on February 17, 2019, at 11:30 a.m. leader for girl scout's troops alleged in subfreezing temperature of (18) eighteen degrees below freezing temperature with wind gusting of 15 to 20 MPH, miles per hour, was cruel and inhumane treatment in cookie sales in subfreezing temperature, every (10) ten minutes had to go inside to warm-up.

102.    That plaintiff, Allen, on February 17, 2019, at 11:30 a.m. leader for girl scout's troops alleged At Home Store agents and employees [Blake and Jaime] granting (Caucasians white girl scout's troops to sell cookies **inside the store** door of At Home Store).

103.    That plaintiff, Allen, on February 17, 2019, at 11:30 a.m. leader for girl scout's troops alleged in below freezing temperature had to set up  cookie stand **outside the door** of At Home Store, as the (African American and Hispanic Origin black-Latino girl scout's troops leader).

104.    That defendant, At Home Store, LLC, employees and agents on February 17, 2019, at 11:30 a.m., plaintiff, Allen as leader of Girl Scout Troop, in below freezing temperature

32

perfected and effectuated contract to sell cookies via contract with regional and State level of At Home Stores corporate offices.

105. That plaintiff, Allen, on February 17, 2019, at 11:30 a.m. leader for girl scout's troops alleged contract formation of At Home Store, knowingly plan contract with regional and State level of defendant, At Home Store, corporate offices and reporting local agents [Blake and Jaime] overt race-based discrimination in subfreezing temperature of (18) eighteen degrees below freezing.

106. That plaintiff, Allen, on February 17, 2019, at 11:30 a.m. and up to 2:00 pm, leader "breach public contracts for safe and warm environment to sell cookies, similar and alike the white girl scouts' troops". That plaintiff alleged as leader of girl scouts had to go inside every (10-15) ten-fifteen minutes to warm up as result cookie sale contract outside At Home Store in subfreezing temperature.

107. That plaintiff, Allen, on February 17, 2019, at 11:30 a.m. defendant, At Home Store, local employees and agents, supervisors [Blake and Jaime]. Purports At Home Store, employees, and agents aided, abetted, and accomplices in the race-based discrimination "breach public contracts for safe and warm environment to sell cookies, unlike the white girl scouts troops leader" At Home Store.

108. That plaintiff, Allen, on February 17, 2019, at 11:30 a.m. alleged reporting complaint to registered agent, the officer Judd Nystrom, and Garden Ridge Management, LLC, registered agent for At Home Store, LLC, corporation was in good standing on February 17, 2019, at address 221 Bolivar Street, Jefferson City, MO 65101.

109. That plaintiff, Allen, on February 17, 2019, at 11:30 a.m. alleged defendant, Mary Jane Broussard, chief administrative officer, and general counsel, At Home Store, Inc., corporate

33

offices as respondent superior on February 17, 2019, pursuant to duty in establishing rules, policies and provisions for local employees and agents.

110.    That plaintiff, Allen, on February 17, 2019, at 11:30 a.m. as result of the discriminatory and ministerial duties, actions, and misconduct by [Blake and Jaime] during application of cookies sale contract, and subsequent breach cause investigations of discrimination by At Home Stores corporate office.

111.    The plaintiff, Jasmine Allen, on February 17, 2019, at 11:30 a.m. The "breach public contracts for leader of girl scouts safe and warm environment to sell cookies" outside At Home Store, Kickapoo Corners Shopping Center, 3700 S Campbell Ave, in Springfield, Missouri.

112.    The plaintiff, Jasmine Allen, on February 17, 2019, at 11:30 a.m. deprivation and state law breach public accommodation contracts to deprive plaintiff of civil and constitutional rights of leader Allen.

113.    The plaintiff, Jasmine Allen, on February 17, 2019, at 11:30 a.m. may be considered by the trier of facts in determining how much damages should be awarded to Plaintiff, including, but not limited to, defendant, willful and intentional race-based discrimination in cookie sales contract of plaintiff/leader, Allen.

114.    That plaintiff, Allen alleged all defendant(s) and agents on April 19, 2019, by reason of the foregoing, plaintiffs/leader, Jasmine Allen, has been substantially injured and sustained PTDS, post traumatic distress disorder for the remains of life and personal injuries and damaged in an amount more than $75,000.00, seventy-five thousand dollars.

115.    That plaintiffs alleged defendants, At Home Store, on February 17, 2019, and its agents, and supervisors deprived plaintiffs of civil and constitutional rights of contracts, failing to properly and adequately train, control, and supervise its employees and agents of the civil laws and statutes, regulations; and provisions; that defendant At Home Store failed to follow existing policy, procedure, state and federal statutory law, or custom of the at Home Stores and the state laws in regards to defendant, At Home Store, compliance with laws and state and federal statutes that govern at Home Stores as public accommodations, practices, contracts, and application of contracts in compliance under color of state laws and statues within Missouri laws.

116.    That plaintiff alleged defendant, At Home Store race-based discriminatory animus, on February 17, 2019,  action and misconduct alleged herein were ministerial and *ultra vires* authority in nature, absent of delegated authority; that At Home Store, subject to liability as a result of its official, defendant, At Home Store, *ultra vires* authority and ministerial actions and misconduct; that defendant At Home Store, failed to follow existing policies and/or customs in regard to Missouri, statutory and civil rights laws governing At Home Store.

117.    That plaintiff/leader Allen alleged all defendants race-based discriminatory animus, (corporate and individual capacities) and agents of At Home Store, on February 17, 2019, failed to follow and comply with existing policy, ordinances, law, and/or customs, and exercise professional judgment in civil laws and statues by defendants, At Home Store, action and misconduct on or about February 17, 2019, regarding Plaintiff/leader, Allen, cookie sales contract in a timely, sufficient, adequate, and reasonable manner.

118.    That all defendants race-based discriminatory animus, At Home Store, employees, and agents on February 17, 2019, failed to follow and comply with existing discrimination policy, ordinances, law, and/or customs, of Missouri and to exercise professional judgment in not

35

recognizing the plaintiff/leader, Allen subcontracting of cookie sales contract.

119. That all Defendants on February 17, 2019 had an affirmative duty to afford plaintiff/leader, Allen the same public cookie sales contracts duties for citizens, and at Home Store extreme dereliction of duty and failure to properly investigated the egregious breach of public cookie sales contract and race-based discrimination animus in timely manner to provide needed assistance in cookie sales contract for plaintiff, Allen, however, all defendants egregious and race-based discriminatory animus, negligence, recklessness, conscious indifference and/or omissions that shocks the conscience reasonable person and willful actions and conduct deprived and conspired to deprive plaintiffs of constitutional and civil rights to cookie sales contracts.

120. That all defendants race-based discriminatory animus, on February 17, 2019 failed to follow and comply with existing policy, laws, statues, provisions, sections of city municipal codes the promulgation and formulation of defendant At Home Store, and defendant regulations, provisions, and state and federal laws governing At Home Stores, customs, policies, statutes, rules, laws, ordinances,  and failed to exercise professional judgment, in a timely, proficient, efficient, sufficient, adequate, professional, and reasonable manner with pre-textual reasons that purports malice intent in violations of plaintiffs constitutional and civil rights to contract cookie sales.

121. As a direct and proximate cause and result of all defendant's race-based discriminatory animus, exhibited egregious negligence at  11:22 pm on February 17, 2019, all plaintiffs sustained extreme and substantial damages continuing to present date. That Plaintiffs alleged injuries and damages and requested relief (past and future) loss emotional distress, compensatory damages, pecuniary loss pain and suffering prospective relief mental anguish and loss of enjoyment of life and monetary damages and warrant punitive damages. That Plaintiff alleged all defendants' egregious negligence in with defendants, and agents and plaintiffs' damages

more than $1,000,000.00 (one million dollars) for compensatory and punitive damages, a jury question.

122. As a direct and proximate cause and result of all defendants on February 17, 2019, race-based discriminatory animus, gross negligence, breaches of duties, malicious assaults, recklessness, conscious indifference, and/or willful action and misconduct and/or omissions, plaintiff's person sustained the following damages: tortuous breaches of duty(s) substantially damaged Plaintiff body and persons with negligent and intentional inflictions of emotional distress and duress. Further, subjected Plaintiffs to secondary and aggravation of pre-existing injuries with continuing mental anxiety, stress, disability, personal injury torts, because of the defendant's gross negligence. Plaintiffs were further significantly and substantially damaged, harmed, that Plaintiffs further subjected to damages of loss income, subjection to mental anxiety, PTSD and exacerbation of PTSD distress, duress, pecuniary losses, pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

123. That the above-described actions and misconduct by all defendants race-based discriminatory animus of local agents, Jamie on February 17, 2019 demonstrated, purported and showed an unconstitutional, intentional, malicious, deliberate, conscious indifference, and a reckless disregard to Plaintiffs rights to contract, subjected to mental anxiety, defect, inflictions of emotional distress, and personal injury torts as a result of breaches of cookie sales contract; that shocks the conscience and significantly violated plaintiffs rights to contract, liberty, and the pursuit to happiness of living in Missouri and these United States, all in violation of the due process clause of the U.S. Constitutional Amendment 14; and violation of the Due Process Clause of the Missouri Constitution Amendment 10; thus entitling plaintiff to punitive damages for the gross wrong acts and misconduct of defendants.

124.     That by reason of the foregoing on February 17, 2019, plaintiffs, Allen has been significantly and substantially and continually too be injured and damaged for the remaining of contract breach of cookie sales contract in an amount more than $1,000,000.00, one million dollars.

125.     That above-described actions and misconduct by all defendants, race-based discriminatory animus, At Home Store, demonstrated and showed unconstitutional, intentional, malicious, deliberate, conscious indifference, and a reckless disregard to Plaintiffs contract subjected to mental anxiety, inflictions of emotional distress, and personal injury torts as a result of breach contract; that shocks the conscience and significantly violated Plaintiffs rights to contract, liberty, and the pursuit to happiness of living in Missouri and these United States, all in violation of the due process clause of the U.S. Constitutional Amendment 14; This discriminatory conduct and omissions shock the conscience of a reasonable person, whereas in extreme violation of plaintiff and rights to contract under, 42 U.S.C. § 1981, and 1983 Constitutional Rights and under the, 1st free Speech, 5th and Due Process Clause of the14th Amendment to the U.S. Constitution, and the 10th Amendment to the Missouri Constitution.

WHEREFORE, plaintiff/leader, Allen plea and pray:

a.     That this court declare that defendant's, At Home Store defendants,  violated due process clauses, race-based discriminatory animus misconduct were reckless breach, unfair, malicious cookie sale contract were unconstitutional, intentional, deliberate, malicious, indifferent, and demonstrated a reckless disregard to , plaintiff/leader, Allen, sustained personal injury rights, privileges; coupled with violations of Missouri public accommodation cookie sale contract laws and constitutional rights, as a result of the defendant reckless and negligent breach of cookie sale contract.

b.     That this court declare that defendant's, At Home Store defendants, race-based discriminatory animus, and for judgment against defendant, At Home Store, and other defendants in cookie sale contract for compensatory damages in such sum as is fair and reasonable, for interest at the legal rate as allowed by law, for their costs of action incurred herein, damages for aggravating circumstances and damages to punish this defendant and deter others similarly situated defendants from like conduct in the future, and for such other and further relief as is just and proper.

c.     That this court declare that plaintiff/leader, and the troop was subjected to substantial personal injuries, aggravation and exacerbation of pre-existing injuries and diseases; and further infliction of emotional distress, extreme anxiety, exacerbation of PTSD, and manic depression as result of defendant breaches of cookie sales contract; and omissions shocks the conscience of a reasonable person, whereas in extreme violation of plaintiff constitutional rights under the due process clause of the 14th Amendment to the U.S. Constitution and 10th Missouri Constitution;

d.     That this court declare the defendant At Home Store unconstitutionally subjection of personal injuries to plaintiffs Troop and defendant, At Home Store violated the due process clause of the and 10th Missouri Constitution, Fifth and 14th Amendment to the U.S. Constitution and 10th Missouri Constitution.

e.     That this court declares and order actual and compensatory damages against the defendant, At Home Store acts and omissions, negligence, and reckless disregard for statutory duty as At Home Store. Plaintiffs have sustained substantial economic damages including but not limited to the cost to prosecute these equitable and legal claims.

f.     That this court declare and grant actual and compensatory damages in the amount

for negligence breach against defendant, At Home Store including past and future injuries: including medical, pain and suffering, mental anguish, and loss of enjoyment of life.

Respectfully Submitted,

Jasmine A. Allen
945 W. Brower
Springfield, MO 65803
(417-763-9370

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a true copy of the foregoing was served and delivered and filed with District Court on this __22nd___ day of August 2022 and District Court clerk electronically filed and the same served via US First Class Mail to defendants without electronic filing to wit:

Judd Nystrom, C/O Garden Ridge Management, LLC
Registered Agent, At Home Store, LLC,
221 Bolivar Street, Jefferson City, MO 65101

Mary Jane Broussard, Executive Officer
At Home Store, LLC, Corporation
1600 E. Plano PKWY, Plano, TX 75074

Jasmine A. Allen

40