IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| JASMINE ALLEN,<br>Leader of GIRL SCOUTS TROOP<br>(Individual Capacity); | )<br>)<br>)<br>) |
| Plaintiff, | ) Case No. 6:22-cv-03191-RK |
| v. | )<br>) |
| AT HOME STORES, INC.; | )<br>) |
| MARY JANE BROUSSARD,<br>CHIEF ADMINISTRATIVE OFFICER,<br>(Individual and Corporate Capacity); and | )<br>)<br>)<br>) |
| JUDD NYSTROM, Registered Agent<br>D/B/A AT HOME STORE, LLC,<br>(Individual and Corporate Capacity); | )<br>)<br>)<br>) |
| Defendants. | |

## ORDER

Before the Court are (1) Defendants At Home Stores LLC and Mary Jane Broussard's Motion to Dismiss or in the Alternative for a More Definite Statement (Doc. 17), and (2) Plaintiff Jasmine Allen's Motion for Leave to File Second Amended Complaint (Doc. 27). The Motion to Dismiss and the Motion for Leave to File Second Amended Complaint are fully briefed. (Docs. 18, 24, 25, 26, 28, 37.) For the reasons below, the Motion to Dismiss is **GRANTED,** the Motion for Leave to File Second Amended Complaint is **DENIED**.

### Background

This lawsuit stems from an alleged agreement for a Girl Scout Troop to sell cookies on Defendant At Home Stores LLC's property. On February 17, 2019 at 11:30 am, Plaintiff Jasmine Allen and the Girl Scout Troop she leads arrived at Defendant At Home's Kickapoo Shopping Center location to sell Girl Scout cookies from 12:00 pm to 2:00 pm. (Doc. 3 at ¶ 1.) Defendant At Home's employees informed another leader of Plaintiff's Troop that, pursuant to a new policy, Girl Scout Troops were no longer permitted to sell cookies inside the store. (*Id.* at ¶¶ 26-29.) So, Plaintiff and her Troop set up outside in subfreezing temperatures and high wind speed. (*Id.* at

¶ 2.) Plaintiff and her Troop left at 1:05 pm, 55 minutes earlier than planned, due to the weather. (*Id.* at ¶ 34.)

Plaintiff later returned to the store at 3:00 pm to "ensure the new regulation Agents were told about were being enforced for everyone." (*Id.* at ¶ 58.) Plaintiff then witnessed a Caucasian Girl Scout Troop selling cookies inside. (*Id.* at ¶ 58.)

On February 25, 2019, At Home store manager "Blake" informed Plaintiff "he is calling now to Girl Scouts and putting an end to us ([Plaintiff's Troop]) selling Girl Scouts cookies there." (*Id.* at ¶¶ 66-68.) Plaintiff "pointed out to At Home Store agent that" her Girl Scout Troop is a minority troop and the other Girl Scout Troop selling cookies inside the store was not. (*Id.* at ¶ 69.)

Plaintiff reported this incident to Defendant At Home's corporate office in April 2019. (Doc. 27-2 at ¶ 20.) Defendant At Home employee Traci Combs e-mailed Plaintiff, acknowledging the need for additional training of local employees. (Doc. 27-2 at ¶¶ 15-18.)

In June 2019, Plaintiff filed a complaint with the Missouri Commission on Human Rights ("MCHR"). (*Id.* at ¶ 21.) With assistance from MCHR personnel, Plaintiff completed and filed a charge of discrimination on August 3, 2020. (Doc. 27-2 at 72, ¶ 24.) Plaintiff communicated with MCHR Unit Supervisor Sandra Herring, Human Rights Officer Whitney Murphy, and Intake Officer Anna Siddiqui throughout the process. (*Id.* at 72-76, ¶¶ 24-51.) Ultimately, MCHR informed Plaintiff a right-to-sue letter was unavailable and provided a determination of no violation. (*Id.* at ¶¶ 47-48, 51.)

Plaintiff filed her "Petition Complaint" against Defendants Mary Jane Broussard (Chief Administrative Officer for At Home Store, Inc., corporate offices) and Judd Nystrom (officer, Garden Ridge Management, LLC, registered agent for At Home Store, LLC) in both their individual and corporate capacity on July 26, 2022. (Doc. 1.) Plaintiff filed her First Amended Complaint on August 22, 2022, adding At Home Store, Inc. as a defendant. (Doc. 3.) The First Amended Complaint contains three counts: the first, "pursuant to 42 U.S.C. 1981, equal protection of law and civil rights to make and enforce public accommodation contracts and deprivation of . . . civil rights to sell girl scouts cookies[,]" (Doc. 3 at 13); the second, "pursuant to 42 U.S.C. 1981, equal protection of law and civil rights to make and enforce contract, as result defendants, employees and agents egregious retaliation for reporting race-based discrimination to At Home regional and corporate office[,]" (*Id.* at 20); and the third, "pursuant to 42 U.S.C. 1981, equal

protection of law and civil rights to make and enforce public accommodation contracts and 42 U.S.C. § 1983, Deprivation of civil rights [] to sell girl scouts cookies" and pursuant to the "US Constitution, below freezing temperature with wind gusting above normal, subjections to cruel and inhumane treatment[.]" (*Id.* at 31.) Defendants construe Plaintiff's first amended petition as bringing claims of (1) violation of 42 U.S.C. § 1981, (2) violation of the United States and Missouri Constitutions, and (3) violation of 42 U.S.C. § 1983. (Doc. 18 at 6.)

On September 13, 2022, Defendants At Home Stores LLC and Mary Jane Broussard filed a Motion to Dismiss Plaintiff's First Amended Complaint under Rule 12(b)(6) for lack of standing, for failure to state a claim upon which relief can be granted, or in the alternative, for a more definite statement. (Doc. 17.)

After the Motion to Dismiss was fully briefed, Plaintiff filed a Motion for Leave to File Second Amended Complaint, requesting to join MCHR and/or MCHR employees and to add allegations that Defendants and MCHR acted in concert to deprive Plaintiff of her constitutional rights in violation of 42 U.S.C. §§ 1981, 1983, and 1985. (Doc. 27.) Defendants oppose the motion on grounds the amendment would be futile as the Second Amended Complaint fails to allege legally sufficient violations. (Doc. 28.)

Additional facts are set forth as necessary.

**Legal Standards**

*Rules 12(b)(6) and Rule 15(a)*

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to file a motion to dismiss a party's claims for "failure to state a claim upon which relief can be granted[.]" To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). Plaintiff's obligation requires a pleading to contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 554. A complaint "must contain either direct or inferential allegations

3

respecting all the material elements necessary to sustain recovery under *some* viable legal theory." *Id.* at 562 (internal quotation marks omitted).

Generally, a district court should freely give leave to a party to amend its pleadings when justice so requires. Fed. R. Civ. P. 15(a). However, the Court may properly deny a party's motion to amend its complaint for reasons "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

"Futility constitutes a valid reason for denial of a motion to amend." *Ryan v. Ryan*, 889 F.3d 499, 508 (8th Cir. 2018) (quotation omitted). "When evaluating futility, courts determine whether the proposed amended complaint is duplicative, frivolous, or could survive a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *United States ex rel. Dicken v. Nw. Eye Ctr., P.A.*, No. 13-CV-2691 (JNE/KMM), 2017 WL 2345579, at *1 (D. Minn. May 30, 2017) (citing *Silva v. Metro. Life Ins. Co.*, 762 F.3d 711, 719-20 (8th Cir. 2014)).

## Discussion

### I. Standing for Plaintiff's Claim Under 42 U.S.C. § 1981

Defendants argue that Plaintiff is barred from bringing suit on behalf of the individual Girl Scouts or the Girl Scout Troop pursuant to Federal Rule of Civil Procedure 17(c)(1). (Doc. 18 at 8; Doc. 28 at 3.) Rule 17(c)(1) permits only a general guardian, a committee, a conservator, or a like fiduciary to sue or defend on behalf of a minor or incompetent person. Defendants argue that although "the style of this case indicates [Plaintiff] brings this suit individually, the First Amended Complaint is littered with references to the troop as a whole, and references to damages suffered by the Troop's minor members as a result of the alleged discrimination." (Doc. 18 at 8.) Because Plaintiff does not allege any facts establishing that she would be permitted to file suit on behalf of the individual minor Girl Scouts or the Troop under Rule 17(c)(1), Plaintiff's suit may only proceed if she has standing to bring the claim individually.

Standing is an "essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). In order for Plaintiff to have standing, three elements must be met: (1) an injury in fact; (2) a causal connection between the injury and conduct complained of; and (3) "it must be 'likely,' as opposed to merely

4

'speculative,' that the injury will be 'redressed by a favorable decision.'" *Id.* (quoting *Simon v. E. Ky. Welfare Rts. Org.*, 462 U.S. 26, 38, 42-43 (1976)).

The Court finds Plaintiff has not satisfied the Constitutional requirements to establish standing because Plaintiff does not allege an injury in fact.

An injury in fact under 42 U.S.C. § 1981 requires Plaintiff to "initially identify an impaired 'contract' relationship, under which the plaintiff has rights." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006) (quoting 42 U.S.C. § 1981(b)). Section 1981's right-to-contract provision "protects the equal rights of '[a]ll persons within the jurisdiction of the United States' to 'make and enforce contracts' without respect to race." *Id.* at 474 (quoting 42 U.S.C. § 1981(a)). Section 1981 does not protect "the right to act as an agent for someone else's contracting." *Id.* at 475.

Plaintiff's First Amended Complaint alleges that "plaintiff and Girl Scout of Missouri Heartland entered [a] contract and subcontract to sell cookies for (2) two hours public accommodation." (Doc. 3 at ¶ 1.) Plaintiff then alleges "agents" Jennifer, Blake, and Jamie "breach[ed] [the contract] for public accommodation to sell girl scouts cookies" at the store (*Id.*) Plaintiff's later allegation also refers to "public contracts for safe and warm environment to sell cookies[.]" (*Id.* at ¶ 5.) The Court liberally construes these sentences as making a legal conclusion that there was a contractual relationship between Plaintiff and Girl Scout Troop of Missouri Heartland and At Home Store to sell Girl Scout cookies in a safe and warm environment.

At the pleading stage, however, "[e]ven though civil-rights pleadings are viewed liberally, [s]uch pleadings must nonetheless not be conclusory and must set forth the claim in a manner which, taking the pleaded facts as true, *states a claim* as a matter of law." *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004) (internal quotation omitted). Here, Plaintiff does not provide supporting facts that, taken as true, would identify an impaired contract relationship under which Plaintiff has rights, as opposed to pleading conclusory claims related to a right to act as an agent for someone else's contracting, such as the Girl Scout Troop of Missouri Heartland. Plaintiff's allegation that a contract exists between the parties is a legal conclusion that need not be accepted as true.

Accordingly, the Court finds Plaintiff lacks standing to bring suit under 42 U.S.C. § 1981 because Plaintiff fails to plead any facts sufficient to establish an injury in fact.

## II. Failure to State a Claim as to § 1981 Claim

Assuming for the sake of argument Plaintiff had established standing for her § 1981 claim, Plaintiff otherwise fails to state a claim under § 1981. The Eighth Circuit requires Plaintiff plead the following elements for a § 1981 right-to-contract claim: "(1) membership in a protected class, (2) discriminatory intent on the part of the defendant, (3) engagement in a protected activity, and (4) interference with that activity by the defendant." *Gregory v. Dillard's, Inc.*, 565 F.3d 464, 469 8th Cir. 2009). Defendants argue that Plaintiff fails to allege any facts which, taken as true, would establish intentional discrimination and interference with right-to-contract. (Doc. 18 at 11.)

As to element three, engaging in a protected activity, Section 1981 protects the right to "make and enforce contracts[,]" which includes "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b). As explained above, Plaintiff does not adequately plead any facts establishing she personally entered into a contract with Defendant At Home. Therefore, the Court finds Plaintiff's First Amended Complaint does not sufficiently plead facts satisfying engagement in an activity protected under § 1981.

With respect to the fourth element, interference with right to contract, Plaintiff must show Defendants thwarted or blocked Plaintiff's execution of an alleged contract. *See Gregory*, 565 F.3d at 471. Defendants allege Plaintiff has failed to plead facts showing interference with her right to contract because Plaintiff voluntarily left the store grounds early and "forwent the opportunity to sell inside the store." (Doc. 18 at 14.) To support this proposition, Defendants cite several cases evaluating § 1981's right-to-contract provision in the retail context. (*Id.* at 13-14.)

A right-to-contract claim in the retail context requires "interference with a contract beyond the mere expectation of being treated without discrimination while shopping." *Gregory*, 565 F.3d at 470 (quoting *Hampton v. Dillard Dept. Stores, Inc.*, 247 F.3d 1091, 1118 (10th Cir. 2001); *see also Christian v. Wal-Mart Stores, Inc.*, 252 F.3d 862, 873 (6th Cir. 2001) (finding interference when the retailer asked the customer to leave).

In her First Amended Complaint, Plaintiff does not provide any factual allegations to establish that Defendants thwarted her ability to sell cookies on Defendant At Home's property. Plaintiff voluntarily left the premises before her allegedly contracted-for period ended. Although Plaintiff alleges that she returned to Defendant's At Home property and witnessed a Caucasian Girl Scout Troop selling cookies inside the store, Plaintiff does not allege that Plaintiff would not

6

have been invited or allowed inside at the same time the Caucasian Girl Scout Troop was. Nor does she establish that any existing At Home policy was discriminatory. Plaintiff only concludes At Home's statements to her (and/or the other leader of the Girl Scout Troop) were pretext but does not support this conclusion with any facts showing her race caused any interference with the alleged contract to sell cookies. Plaintiff's allegations do not support any claim that Defendants interfered with Plaintiff's right to contract.[1]

Because Plaintiff does not allege facts that, if true, establish the required elements of a right-to-contract claim, the Court finds Plaintiff fails to state a 42 U.S.C. § 1981 claim against Defendants.

### III. Failure to State a Claim as to 42 U.S.C. § 1983 and Any Missouri or United States Constitutional Provision

Defendants also argue that Plaintiff fails to state a claim under 42 U.S.C. § 1983 and any Missouri or United States Constitutional provision because such liability is limited to state actors. (Doc. 18 at 15.)

A § 1983 claim requires the plaintiff to show: (1) "the defendant has deprived him of a right secured by the Constitution and laws of the United States[;]" and (2) "the defendant deprived him of this constitutional right under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 151 (1970). Because Plaintiff's First Amended Complaint only alleges a private actor violated her right to contract, not the State or one if its officials, Plaintiff may be entitled to relief under § 1983 only if she can show Defendants are "willful participant[s] in joint activity with the State or its agents." *Id.* at 152 (quoting *United States v. Price*, 383 U.S. 787 (1966)); *see Manhattan Cmty. Access Corp. v. Halleck*, 139 S. Ct. 1921, 1928 (2019) (explaining a private actor only qualifies as a state actor in limited circumstances, including "when the private entity performs a traditional, exclusive public function," "the government compels the private entity to take a particular action," or "when the

---

[1] The particular allegations of Plaintiff's claim here – including that Girl Scout Troop of Missouri Heartland had a contract to sell girl scout cookies on the At Home store's premises – differ from the prototypical claim under § 1981 in the retail context, which involves a contractual relationship consisting of a shopper who attempts to purchase, who has a specific intent to purchase an item, and takes a step toward completing that purchase. *Gregory v. Dillard's, Inc.*, 565 F.3d 464, 470 (8th Cir. 2009) (citing *Green v. Dillard's, Inc.*, 483 F.3d 533, 538 (8th Cir.2007) (holding that shopper satisfied third element by selecting a specific item in display case and communicating to sales clerk her desire to purchase that item)).

7

government acts jointly with the private entity.") The scope of protection under any Missouri or United States Constitutional provision is generally limited to state actors as well. *Edmonson v. Leesville Concrete Co.*, 500 U.S. 614, 620 (1991) (explaining that "the conduct of private parties lies beyond the Constitution's scope in most instances[.]").

Here, Plaintiff does not allege that Defendants constitute state actors. As such, the Court finds Plaintiff fails to state a claim against Defendants under 42 U.S.C. § 1983 or any Missouri or United States Constitutional provision.

## IV. Futility of Proposed Second Amended Complaint

### A. Proposed Joinder of the Missouri Commission on Human Rights (MCHR) and/or Employees of the MCHR as an Impermissible Appeal of the MCHR's Notice of Determination

In the Proposed Second Amended Complaint, Plaintiff proposes joining MCHR and/or employees of MCHR. (Doc. 27.) Defendants assert this joinder is an impermissible appeal of MCHR's Notice of Determination. (Doc. 28 at 3).

An agency decision of the MCHR may be appealed under Mo. Rev. Stat. 536.150 by an aggrieved party by filing a timely mandamus action in the Circuit Court of Cole County, pursuant to RSMo. § 536.150. *See* RSMo. § 213.085(2)-(3); *Vinson v. Mo. Comm'n on Hum. Rts.*, 622 S.W.3d 218, 222 (Mo. Ct. App. 2021) ("The Missouri Supreme Court has stated mandamus is the correct mechanism for courts to compel the MCHR to act." (citing *State ex rel. Martin-Erb v. Mo. Comm'n on Hum. Rts.*, 77 S.W.3d 600, 608-09 (Mo. banc 2002))). Because Plaintiff was made aware of the correct procedural mechanisms to appeal an MCHR decision (Doc. 28-1 at 2), Plaintiff's purported appeal of the MCHR's decision is improper. *Id.* at 222-23 (explaining where "Respondents objected to Appellant's failure to file a petition [in a manner permitted by Section 536.150] … the trial court correctly dismissed the petition for judicial review.").

The Court finds Plaintiff's proposed joinder of the MCHR and its employees is improper and impermissible.

### B. Plaintiff's 42 U.S.C. § 1981 Claims in Her Proposed Second Amended Complaint

In addition, Defendants assert that Plaintiff fails to address the deficiencies of her First Amended Complaint and fails to allege a legally viable retaliation claim under 42 U.S.C. § 1981. (Doc. 28 at 3-5.) The Court agrees.

8

In Plaintiff's Proposed Second Amended Complaint, Plaintiff does not allege any additional facts which, taken as true, would establish that she personally entered into a contract with Defendant At Home to sell cookies on their property. Rather, the Proposed Second Amendment explains "it was Girl Scout of Missouri Heartland that we set up through as they were approved to by the At Home Store corporate office." (Doc. 27-2 at ¶ 16.) Plaintiff also fails to allege any additional facts establishing that Defendant Broussard personally discriminated against Plaintiff. *See Patterson*, 375 F.3d at 229. Although Plaintiff cites Second Circuit caselaw that includes gross negligence in the supervision of subordinates as evidence of intentional discrimination, Plaintiff has not pled any facts establishing Defendant Broussard acted with gross negligence in supervising her subordinates. (Doc. 37 at 18.); *see Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995). As such, the Court finds Plaintiff's Proposed Second Amended Complaint fails to cure the deficiencies noted above.

Additionally, Plaintiff asserts "egregious retaliatory misconduct during MCHR investigation." (Doc. 37 at 11.) Specifically, she alleges that the MCHR, acting in concert with Defendant At Home, "refus[ed] to provide [Plaintiff] with meaningful review of the public accommodation claims and tortious acts during investigation of [Plaintiff's] complaint," which "was undertaken to further retaliate and discriminate." (*Id.* at 11-12.)

Although a § 1981 retaliation cause of action is recognized in the context of contract-related rights, *CBOCS West, Inc. v. Humphries*, 553 U.S. 442 (2008), it has been so recognized only as to ongoing or continuing contracts to which the plaintiff is a party, such as an employment relationship. *See Wright v. St. Vincent Health Sys.*, 730 F.3d 732, 737 (8th Cir. 2013) ("Title VII and 42 U.S.C. § 1981 prohibit employers from retaliating against employees for opposing racial discrimination."). A prima face claim of retaliation requires Plaintiff plead facts that, if true, show: "(1) that [Plaintiff] engaged in a statutorily protected activity; (2) an adverse employment action was taken against [Plaintiff]; and (3) a causal relationship between the two events." *Sayger v. Riceland Foods, Inc.*, 735 F.3d 1025, 1030-31 (8th Cir. 2013) (quoting *Gilooly v. Mo. Dept. of Health and Senior Servs.*, 421 F.3d 734, 739 (8th Cir. 2005)) (explaining the analysis under § 1981 and Title VII are the same).

To support her claim of § 1981 retaliation, Plaintiff alleges MCHR maliciously determined no violations on behalf of Defendant At Home after three years of investigations. (Doc. 37 at 12.) Plaintiff's complaint to MCHR and participation in the subsequent investigation process was a

9

statutorily protected activity. However, Plaintiff was never an employee of the MCHR and the MCHR's denial of a right-to-sue letter cannot be characterized as an adverse employment action against Plaintiff. Further, Plaintiff fails to allege any facts that would give rise to an inference that the MCHR denied her request for a right-to-sue letter as retaliation for her submitting a complaint to the MCHR.

The Court finds Plaintiff's proposed amendment would be futile with respect to Plaintiff's 42 U.S.C. § 1981 claims because Plaintiff fails cure the deficiencies of her First Amended Complaint and does not plead facts that, if true, would establish a *prima-facie* case of § 1981 retaliation.

### C. Plaintiff's 42 U.S.C. § 1983 Claim in Her Proposed Second Amended Complaint

Defendants also assert that Plaintiff's proposed joinder of MCHR and/or employees fails to cure any deficiencies of Plaintiff's claims under § 1983 or any Missouri or Constitutional provision. (Doc. 28 at 7.)

Plaintiff proposes joining Alisa Warren and Sandra Herring "individually and [in their] official capacity." (Doc. 27.) The Eighth Circuit has held that, "in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings." *Johnson v. Outboard Maine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). When a public official is sued in his or her individual capacity, "[q]ualified immunity protects government officials performing discretionary functions from liability for damages so long as 'their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Jenkins v. Univ. of Minn.*, 838 F.3d 938 (8th Cir. 2016) (quoting *Curry v. Crist*, 226 F.3d 974, 977 (8th Cir. 2000)). To determine if qualified immunity applies, courts consider two inquiries: "(1) whether the facts shown by the plaintiff make out a violation of a constitutional or statutory right; and (2) whether the right was clearly established at the time of the defendant's alleged misconduct." *Id.* ("Defendants 'are entitled to qualified immunity unless the answer to both of these questions is yes." (quoting *McCaster v. Clausen*, 684 F.3d 740, 746 (8th Cir. 2012))).

In her Proposed Second Amended Complaint, Plaintiff asserts that Alisa Warren and Sandra Herring deprived Plaintiff of her constitutional rights by their "failure to properly investigate[] the egregious breach of investigation and public accommodation cookie sales contract

10

and race-based discrimination animus in timely manner to provide needed assistance." (Doc. 27-2 at ¶ 149.)  Plaintiff, however, fails to plead any facts that, if true, would establish that Alisa Warren and Sandra Herring violated any of her constitutional or statutory rights during the process of their investigation.  Therefore, sued in their individual capacities, Alisa Warren and Sandra Herring are entitled to qualified immunity.

As to Plaintiff's proposed claim against the two employees in their official capacities, such action "is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999).  "A political subdivision may not generally be held vicariously liable under section 1983 for the unconstitutional acts of its employees." *Id*. (citing *Monell v. Department of Soc. Services,* 436 U.S. 658, 694 (1978)).  Thus, the MHRA may be held liable for its officials' unconstitutional acts only if "those acts implement or execute an unconstitutional policy or custom of the subdivision." *Id.*  In the context of such analysis, "'policy' is an official policy, a deliberate choice of a guiding principle or procedure made by [an] official who has final authority regarding such matters" and "custom" is "a continuing, widespread, persistent pattern of unconstitutional misconduct" of which the entity's officials have notice and to which they react with deliberate indifference or tacit authorization. *Mettler v. Whitledge,* 165 F.3d 1197, 1204 (8th Cir.1999)).

Plaintiff asserts Alisa Warren and Sandra Herring "fail[ed] to properly and adequately train, control, and supervise [MCHR's] employees and agents[.]" (Doc. 27-2 at ¶ 146.)  A failure to train or supervise claim requires proof that the failure "amounts to deliberate indifference to the rights of persons with whom the [employee] come[s] int contact." *City of Canton v. Harris*, 489 U.S. 378, 388 (1989).  Therefore, to state a § 1983 failure to train or supervise claim against MCHR, Plaintiff must "plead facts sufficient to show that: (1) [MCHR] training practices were inadequate; (2) [MCHR] was deliberately indifferent to the rights of others in adopting these training practices, and [MCHR's] failure to train was a result of deliberate and conscious choices it made; and (3) [MCHR's] alleged training deficiencies caused [Plaintiff's] constitutional deprivation." *Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013).  Although Plaintiff does allege that MCHR and its employees' failure to train violated her constitutional rights, these allegations are mere legal conclusions unsupported by any facts.

11

Plaintiff also proposes the joinder of the MCHR. The Court finds, however, that the MCHR is entitled to immunity from suit under the eleventh amendment because it is a state agency. *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Nixon,* 210 F.3d 814, 817 (8th Cir.2000), *overruled on other grounds, EEOC v. Waffle House, Inc.,* 534 U.S. 279, 285 (2002). Accordingly, Plaintiff's proposed joinder of MCHR is futile.

Plaintiff also argues that Defendants' actions contributed to MCHR's denial of a right to sue letter and likens Defendant Broussard's policy requiring Girl Scout Troops to sell cookies on the sidewalk to an act by a government official that violated her rights. (Doc. 25 at 22-23). However, the private action of Defendant Broussard does not constitute governmental action, as required for a claim under § 1983, unless Plaintiff alleges facts showing Defendants acted under color of law. Other than legal conclusions of concerted acts, Plaintiff fails to allege facts that, if true, would show that Defendants conspired with MCHR or any other government actor to violate Plaintiff's rights.

The Court finds Proposed Second Amended Complaint does not cure any deficiencies regarding Plaintiff's claims under 42 U.S.C. § 1983 as explained above and also that the additions in Plaintiff's proposed amendment would be futile.

### D. Plaintiff's 42 U.S.C. § 1985 Conspiracy Claim in her Proposed Second Amended Complaint

Finally, Defendants assert that Plaintiff "fails to allege a legally viable claim" under 42 U.S.C. § 1985 because Plaintiff only provides conclusory allegations of conspiracy. (Doc. 28 at 8-9.) To state a conspiracy claim under § 1985, Plaintiff must allege facts that, taken as true, establish: (1) that defendants conspired, (2) with the intent to deprive [Plaintiff] of equal protection of the laws, or the equal privileges and immunities under the laws, (3) that one or more of the conspirators did, or caused to be done, any act in furtherance of the object of the conspiracy, and (4) that [Plaintiff] was injured or deprived of having and exercising any right of privilege of a citizen of the United States." *Mendoza v. U.S. Immigr. & Customs Enf't*, 849 F.3d 408 (8th Cir. 2012)); *see Ziglar v. Abbasi*, 137 S.Ct. 1843, 1868 (2017) (explaining that § 1985 requires Plaintiff "show that [Defendants and MCHR] conspired – that is, reached an agreement – with one another.").

Plaintiff's proposed Second Amended Complaint makes the conclusory claim that the MCHR and Defendants worked in concert to deprive Plaintiff of a right to sue letter. However,

Plaintiff's proposed Second Amended Complaint fails to provide factual or evidentiary support for this claim. While Plaintiff provided an affidavit and associated e-mails, these documents fail to show that Plaintiff requested a Right to Sue Letter as required by the MCHR, much less do they tend to show that the MCHR and Defendants conspired to violate her rights. (*See* Doc. 27-2 at ¶¶ 193-226; pp. 72-81).

The Court finds Plaintiff fails to state a conspiracy claim under 42 U.S.C. § 1985 in her Proposed Second Amended Complaint; therefore, the proposed amendment would be futile.

### Conclusion

For the reasons above, the Court **ORDERS** as follows:

(1) Defendant's Motion to Dismiss is **GRANTED**.

(2) Plaintiff's Motion for Leave to File Second Amended Complaint is **DENIED**.

(3) This case is **DISMISSED without prejudice**.

**IT IS SO ORDERED.**

                                                   s/ Roseann A. Ketchmark
                                                   ROSEANN A. KETCHMARK, JUDGE
                                                   UNITED STATES DISTRICT COURT

DATED: April 10, 2023