# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

JASMINE ALLEN,                          )
Leader of GIRL SCOUTS TROOP             )
(Individual Capacity);                  )
                                        )
                       Plaintiff,    )      Case No. 6:22-cv-03191-RK
                                        )
          v.                  )
                                        )
AT HOME STORES, INC.;                   )
                                        )
MARY JANE BROUSSARD,                    )
CHIEF ADMINISTRATIVE OFFICER,           )
(Individual and Corporate Capacity); and )
                                        )
JUDD NYSTROM, Registered Agent          )
D/B/A AT HOME STORE, LLC,               )
(Individual and Corporate Capacity);    )
                                        )
                   Defendants.    )

## ORDER

Following the Court's entry of an Order dismissing Plaintiff's case without prejudice and Clerk's Judgment, Plaintiff has made several filings that are now pending before the Court:

(1) Application Requesting Continuance (Doc. 50), which the Court construes as a motion for leave to file out of time a motion to alter or amend judgment under Rule 59(e).

(2) Application Requesting Continuance (Doc. 51)

(3) Motions' Plaintiff Requesting Leave File Extended Pages Post Judgment Motion and Memorandum to Vacate Order and Judgment for Good Causes (Doc. 52)

(4) Motion and Memorandum of Plaintiff Jasmine Allen to Vacate Set Aside and Amend the Judgment in this Civil Action and Grant Plaintiff Leave to File Second Amended Complaint to Afford Plaintiff Due Process (Doc. 53.)

Defendants At Home Stores LLC and Mary Jane Broussard filed their opposition to the Motion and Memorandum of Plaintiff Jasmine Allen to Vacate Set Aside and Amend the Judgment in this Civil Action and Grant Plaintiff Leave to File Second Amended Complaint to Afford Plaintiff Due Process. (Doc. 54.)

For the reasons below, Plaintiff's motions are **DENIED**.

The Court entered its judgment dismissing this case on April 14, 2023. (Doc. 49.) Plaintiff filed her Application Requesting Continuance on May 12, 2023, seeking to file "post judgment pleadings on Friday, May 19, 2023" in the form of a "Motion to Alter or Amend or Vacate a Judgment." (Doc. 50.)

"A court can consider the merits of a motion under Rule 59(e) only if it is timely." *Halkmon v. Wallace*, No. 4:13-CV-02579-NCC, 2017 WL 6493328, at *2 (E.D. Mo. Dec. 19, 2017). A motion to alter or amend judgment under Rule 59(e) must be made within twenty-eight days of the Court's entry of judgment and the Court may not extend the time for filing motions under Rule 59(e). Fed. R. Civ. P. 6(b)(2), 59(e).

The time for filing a motion to alter or amend judgment under Rule 59(e) expired on May 12, 2023, by which time Plaintiff had not filed any Rule 59(e) motion.

Accordingly, and because the Court may not extend the time for filing motions under Rule 59(e), Plaintiff's motions are **DENIED**.[1]

In addition, the Court notes Plaintiff's complaint names Judd Nystrom as a defendant, but it appears Judd Nystrom was never served pursuant to Rule 4. In Defendants' suggestions in support of their motion to dismiss, Defendants pointed out that Judd Nystrom had not been served pursuant to Rule 4 and that Plaintiff's claims against him were not viable as a matter of law because Judd Nystrom had not been employed by At Home since January 2019, before any events Plaintiff alleged in her complaint. (Doc. 13 at 6.) Plaintiff did not respond to this argument in her response in opposition to Defendants' motion to dismiss. By failing to respond to this argument, Plaintiff conceded it. *Tarvisium Holdings, LLC v. Dukat, LLC*, No. 4:19-CV-0086-DGK, 2021 WL 5534688, at *2 (W.D. Mo. Mar. 22, 2021) (citing *Jasperson v. Purolator Courier Corp.*, 765 F.2d 736, 740 (8th Cir. 1985)) ("A party's failure to raise or discuss an issue in his brief is to be deemed an abandonment of that issue.")). Rule 4(m) provides that if a defendant is not served within 90 days after the complaint is filed, the Court on motion must dismiss without prejudice the plaintiff's action against that defendant. Moreover, the court has the inherent power to dismiss a case sua

---

[1] The Court would otherwise find Plaintiff's motion does not purport to correct a manifest error of law or fact or present any newly discovered evidence. Plaintiff's motion does not show mistake, inadvertence, surprise, excusable neglect; fraud, misrepresentation, or misconduct by an opposing party; that the dismissal order was void; or any other reason that justifies relief. Rather, it attempts to introduce factual allegations and raise arguments that were and/or could have been offered or raised prior to the Court's order dismissing her case.

sponte for lack of prosecution.  Fed. R. Civ. P. 41(b); *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962).  Here, Plaintiff conceded the argument that she failed to have Judd Nystrom timely served and had notice of the failure in Defendants' motion briefing, and Plaintiff failed to prosecute her case as to Defendant Judd Nystrom.[2]  Although the Court's dismissal order did not explicitly so state, Plaintiff's entire case was dismissed without prejudice, including her claims against Defendant Nystrom.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED:  July 21, 2023

---

[2] In addition, the Court would otherwise find Plaintiff's operative complaint and proposed second amended complaint fail to state a claim upon which relief may be granted as to Defendant Judd Nystrom, consisting of only bare, conclusory statements unsupported by sufficient factual allegations.

3